ANNE G. AMBROSE's (dependent's) CASE.

Worcester. September 24, 1956. — December 5, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Witness*, Expert witness. *Evidence*, Hypothetical question. *Workmen's Compensation Act*, Asbestosis; Procedure: decree. *Error*, Whether error harmful.

A provision in a decree entered in the Superior Court in a workmen's compensation case affirming the decision of the Industrial Accident Board was erroneous and was ordered struck out. [122]

Error, if any, in the denial by a single member of the Industrial Accident Board in a workmen's compensation case of an opportunity to the insurer to examine a physician as to his qualifications as an expert before the member stated that the physician was qualified was harmless where later the insurer cross-examined the physician regarding his qualifications. [125]

The education and experience of a physician who performed an autopsy on the body of a woman and observed particles of asbestos in and marked fibrosis of her lungs supported a finding that he was qualified to testify to an opinion that her death was due to asbestosis, even though he had no particular training in pulmonary diseases. [125]

A physician might properly be found qualified to testify to an opinion that the cause of the death of a woman was asbestosis, even though he was a general practitioner and had been practising little more than a year when he first saw her shortly before her death. [126]

Evidence warranted a finding in a workmen's compensation case that the employee was exposed to asbestos dust in her work in an asbestos plant over a number of years. [126–127]

Error in putting to a physician a hypothetical question which included a statement of which there was no evidence, that a patient had given him a history of exposure to asbestos dust, was harmless in view of other evidence of such exposure. [127]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Pecce*, J.

*John F. Driscoll*, for the self insurer.

*John J. O'Shaughnessy*, for the claimant.

COUNIHAN, J.  This is a claim for compensation, by a dependent of an employee, for death of the employee arising out of injury or disease incurred while she was employed in an asbestos mill of the self insurer.  The single member awarded compensation and other payments under the compensation act.  The board of review affirmed and adopted the findings of the single member.  The board of review denied two motions which were presented to it by the self insurer, one to strike out the opinion of Dr. Erwin G. Rerrick and the other to strike out the opinion of Dr. Robert Bush, each of which was given in testimony before the single member.[1]  Upon certification to the Superior Court, a judge ordered and decreed that "the decision and finding of the said reviewing board be and hereby is affirmed" and awarded compensation and other payments.  The case comes here upon an appeal from that decree.  The decree was erroneous in form.  *Johnson's Case*, 242 Mass. 489.  *Webb's Case*, 318 Mass. 357.

The claim for compensation was based upon allegations that the employee on or before June, 1950, while in the employ of the self insurer, the Asbestos Textile Company, developed asbestosis of the lungs which resulted in pulmonary fibrosis and caused her death.

There was evidence before the single member that Allen E. Ambrose, the claimant, was married to Anne G. Ambrose on November 8, 1941, and thereafter they lived together as husband and wife until her death.  Anne worked for the self insurer in the weaving room before and after her marriage.  She last worked there during the period from December, 1946, to August 1, 1950.  From August 2, 1950, to November 10, 1950, she worked for the Gavitt Manufacturing Company Inc., which was engaged in manufactur-

---

[1] "Now comes the employer and moves that the opinion of Dr. Erwin G. Rerrick that Mrs. Ambrose had an asbestosis condition and that asbestosis caused her death . . . may be all stricken from the record."

"Now comes the self insurer and moves that the opinions and diagnoses of Dr. Robert Bush that the employee suffered from asbestosis which was causally related to her death and the opinions and diagnoses set forth , , , may be stricken from the record."

ing radio parts. She quit work on November 10, 1950, and died on November 24, 1950.

Over the objection and exception of the self insurer the claimant testified that he asked his wife to leave the asbestos company because "It was dusty and I did not like to see her in there working in that dust."

There was testimony from Dr. Bush, a graduate of a recognized medical school, that he had interned at a well recognized hospital. He was admitted to practise medicine in September, 1949, and then engaged in the general practice of medicine. He first saw the employee on November 17, 1950, and caused her to be admitted to the hospital on November 19, 1950. He got a history from her that a few days prior to the time he first saw her there was an onset of a severe cough, chest pains, chills, coughing with blood stained mucous, considerable element of fatigue, and severe pain in chest. He gave an opinion that the primary cause of the employee's death was asbestosis.

Dr. Erwin G. Rerrick testified that he was an assistant professor of pathology at the Albany Medical School. He was born in Budapest, Hungary, and educated there. He was a graduate of the University of Budapest Medical School and came to this country in 1949. After graduation he pursued studies in pathology for three years and performed many autopsies. After he came to this country he spent two years with the Bingham Associates in Holyoke. They did pathology for hospitals in the surrounding area which had no pathological service. While there he performed about one hundred autopsies. When he left the Bingham Associates he went to the State Sanatorium in Westfield. While there he performed autopsies in three cases which showed deaths were caused by a fibrosis of the lungs. He had a certificate from the board of registration in medicine of the Commonwealth of Massachusetts authorizing him to perform autopsies and make findings. G. L. (Ter. Ed.) c. 112, § 9, as appearing in St. 1945, c. 186. He made an autopsy on the body of the employee and testified that in his opinion, because of the presence of

asbestos bodies in her lungs and marked fibrosis, her death was due to asbestosis.

Most if not all of the foregoing testimony went in over the objections and exceptions of the self insurer.

The single member expressly found, "Upon consideration of all the evidence presented, I find that the employee Anne G. Ambrose, during the course of her employment at the Asbestos Textile Company and especially during the last period of her employment for this company, namely, December, 1946, through August 1, 1950, was exposed to and inhaled particles of asbestos and as a result of this, adopting the opinion of Dr. Erwin G. Rerrick, a specialist in pathology who performed a complete autopsy upon the body of the deceased Anne G. Ambrose, and who expressed the opinion that since there were present so called asbestos bodies throughout the lungs, and the presence of marked fibrosis, it would make him believe that the cause of death of this employee was due to asbestosis and I so find." He further found, "Upon consideration of all the evidence, I find that on August 1, 1950, the employee sustained a personal injury arising out of and in the course of her employment at the Asbestos Textile Company, to wit, asbestosis, and that her death was causally related to her employment."

During the testimony of Dr. Rerrick the single member interrupted the proceedings and stated, "Inasmuch as the qualifications of the witness have been questioned, I here and now make a finding that I accept his qualifications as a medical doctor with the authorization to perform autopsies in the Commonwealth." The single member also said, "Counsel for the self insurer requested to be allowed opportunity to examine the witness on his qualifications before this finding be made and has had no opportunity to do so and therefore, he takes exceptions to the above ruling of the commissioner and his exceptions are noted."

The self insurer offered no evidence before the single member.

The contentions of the self insurer are principally grounded on its exceptions taken at the hearing before the single mem-

ber relative to the qualifications of the two medical witnesses who testified. These exceptions are embodied in the motions which were denied by the board of review and we consider them on that basis. The self insurer also asserts that there was no evidence of exposure to asbestos dust on the part of the employee.

The first contention of the self insurer is that it was denied an opportunity to examine Dr. Rerrick as to his qualifications before the single member stated that the doctor was qualified to testify because he was a medical doctor authorized to perform autopsies in the Commonwealth. If this was error, which we do not decide, it was harmless for counsel later conducted a full and complete cross-examination of this doctor regarding his qualifications.

We are of opinion that there was no error in the denial of the motion to strike the testimony of Dr. Rerrick. There was ample evidence to show that he was qualified by education and experience to perform an autopsy on the body of the deceased employee and to express an opinion as to the cause of her death. He observed foreign bodies in her lungs which upon microscopic examination proved to be particles of asbestos. He also observed marked fibrosis of the lungs. These observations warranted the opinion he gave that the death of the employee was due to asbestosis. His education and experience qualified him to testify even though it appeared that he had no particular training in pulmonary diseases. See *Young* v. *Makepeace*, 103 Mass. 50, 53; *Commonwealth* v. *Thompson*, 159 Mass. 56, 58; *Hardiman* v. *Brown*, 162 Mass. 585, 587. Moreover, whether a witness qualifies as an expert is, generally, a matter for the judge, or in this instance for the single member, to determine. "A witness's training and experience may well qualify him to give an opinion in reference to a problem which he has never before encountered in precisely the same form." *Commonwealth* v. *Bellino*, 320 Mass. 635, 638. *Murphy* v. *Chichetto*, 323 Mass. 11, 15. *Campbell* v. *Shea*, 332 Mass. 422, 425. *Boston Gas Co.* v. *Assessors of Boston*, 334 Mass. 549, 574.

There was likewise no error in the denial of the motion to strike the testimony of Dr. Bush. We do not believe that any particular qualification or experience beyond that of a general practitioner was required to permit Dr. Bush to make the diagnosis about which he testified. The lack of experience of this doctor might well have affected the weight of his testimony but this was a matter for the tribunal to determine. What we have already said in discussing the exception to the qualifications of Dr. Rerrick applies with equal force to the right of the single member to qualify Dr. Bush as an expert. Moreover it appears from the record that the single member adopted the opinion of Dr. Rerrick in arriving at the conclusion that the death of the employee was due to asbestosis.

There is no merit in the exception taken to the admission of the autopsy report because it was not a hospital record within the meaning of G. L. (Ter. Ed.) c. 233, § 79, as amended. Whether or not this report comes within the provisions of this statute we need not decide. It appears from the record that the autopsy report which was admitted in evidence was made by Dr. Rerrick himself although it appeared to be signed by a Dr. Grewal, the director of the Bingham Associates. It appears from the record that counsel for the self insurer objected to the admission of the report solely on the ground that part of the report included a diagnosis based upon qualifications which he asserted Dr. Rerrick did not have. What we have earlier said about the qualifications of Dr. Rerrick disposes of this exception.

The self insurer excepted to the admission of a statement by the husband of the employee that he asked her to quit her job at the textile company because "It was dusty and I did not like to see her in there working in that dust." The witness's reference to seeing the employee working "in that dust" naturally implies that he did actually observe his wife at work and the conditions under which she worked. The self insurer had an opportunity to examine in respect to this statement in cross-examination but failed to do so. The single member could reasonably find from this uncon-

tradicted statement that the employee was subject to exposure to asbestos dust during the last period she worked at the mill. Moreover there was evidence from Dr. Rerrick that on autopsy he found particles of asbestos in the lungs of the employee. From the history of her employment for several years prior to her death and the condition of her lungs as indicated by the autopsy the single member was warranted in finding that she had suffered exposure to asbestos dust at the place of business of the self insurer. There was no place outside of her employment by the self insurer where she would or did come in contact with asbestos dust. See *Watson's Case*, 322 Mass. 581, 583–584.

The self insurer also excepted to the inclusion, in a hypothetical question put to Dr. Bush, of a statement that the employee gave him a history of exposure to asbestos dust over a period of years. It is true, as it argues, that the record is bare of any statement given Dr. Bush by the employee relative to exposure to asbestos dust. In these circumstances it was error to permit the hypothetical question to be put. In view of other evidence in the case as to exposure and particularly in view of the findings of Dr. Rerrick as a result of the autopsy, we think it was harmless error. This is emphasized by the statement of the single member that he adopted the opinion of Dr. Rerrick.

The decree is modified by striking out the affirmance of the finding and decision of the reviewing board and as so modified it is affirmed.

Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, may be allowed by the single justice.

*So ordered.*