*Southern Division*

## TRI-CITY CONCRETE CO., INC.
### v.
## A. L. A. CONSTRUCTION CO.

*Present:* Nash, P. J., Cox & Callan, JJ.

Case tried to *Welch, J.,* in the First District Court of Bristol. No. 124 (1958).

*Cox, J.* This is an action of contract or tort to recover for damage to the plaintiff's truck and cement mixer. There was a finding for the defendant in the count for negligence and for the plaintiff in the contract count in the sum of $2500. The case was reported because the defendant claims to be aggrieved by the allowance of certain of the plaintiff's requests for rulings and the denial of certain of the defendant's requests for rulings. The de-

fendant also claims to be aggrieved because of the judge's refusal to strike out certain expert opinion evidence relating to the damage to the plaintiff's truck.

By a letter dated April 27, 1956, following and confirming negotiations between the parties, the plaintiff proposed to furnish approximately 18,000 cubic yards of "ready-mix" concrete to the defendant, which was under contract to erect cement foundations for housing units on land of the federal government at Otis Air Base in the Town of Falmouth. The price was $14.50 per cubic yard f.o.b. job site in truck load lots and the concrete was to conform to designated specifications. There were other provisions for discounts for prompt payments and additional charges for delays caused the supplier in unloading. The letter contained a paragraph relating to deliveries as follows:

"Concrete is to be delivered as required. Your order covering your requirements on any given day is to reach us before the close of business on the day prior. Telephone orders are the usual practice and will be accepted. These will be supplemented with a sales memo to accompany the first delivery which will confirm your order as we understand it and which will be acknowledged by your representative on job."

No copy of the form of sales memo was included or otherwise referred to in the letter. Thereafter, concrete was ordered and delivered in connection with the job and the first truckload was accompanied by a sales memo containing the total amount ordered for the day. The sales memo contained the

following paragraph printed upon it under the caption "Terms and Conditions":

> "Delivery is to be made at a point on a traveled way nearest the job site. In the event the purchaser requires the truck to pass over private property, it is agreed that the purchaser will be solely responsible for any damage to the property or to the truck."

Above the signature line the following was also printed on the sales memo:

> "The purchaser by his signature acknowledges that he has read this sales memo in its entirety—that he is familiar with and accepts all of the terms and conditions thereof."

*There was evidence tending to show,* and we discover nothing in the report to the contrary, *that* there never was any discussion between the parties as to the contents of the sales memo and that no one in authority for the defendant had ever seen one.

On October 3 the defendant by telephone ordered concrete for delivery on the next day. A sales memo in the form described was signed at the time of the first delivery on October 4 by one Mottas who was employed by the defendant as a laborer to rake the concrete as it was poured from the truck. The employee worked under the supervision of one Costello, the defendant's labor foreman. There was uncontradicted evidence that neither of these men had any authority to make or vary contracts in the defendant's behalf.

There was also uncontradicted evidence tending to show that a sales memo in the form used by the plaintiff was unusual and

that the plaintiff was the only firm in the business which used such a form.

At about 3:00 o'clock on October 4, the first day of delivery of concrete, a truckload of cement was being poured into forms on the job site but off the traveled way, and in the process of pouring, the truck and concrete mixer tipped over and fell into the adjoining excavation and was damaged. It was to recover for this damage to its equipment that the plaintiff brought this action, relying upon the sales memo for the right to recover.

The gist of the defendant's requests for rulings which the judge denied related to the mutuality necessary to modify the contract, the lack of authority of Mottas and the construction foreman to make or vary the contract for the defendant, and the lack of consideration for modification by the sales memo of the contract already made for the sale and purchase of concrete.

■ It is clear from the judge's decision and his action on the requests for rulings that he took the view that the reference in the plaintiff's letter of April 27 to a sales memo to accompany the first delivery had the effect of making the sales memo a part of the original agreement. We are constrained to disagree.

The parties made an agreement for the sale and purchase of concrete to be delivered to a particular site for an agreed unit price. The agreement was complete and clear in all essential particulars. The reference to a sales

memo in the letter of April 27 relates only to deliveries and quantities and by no stretch of construction to payment for damage to the truck. There is no finding that the original agreement between the parties was rescinded or modified by the sales memo and the sales memo substituted for or added to the agreement, and there was no evidence reported which would support such a finding. Certain it is that neither Mottas who signed the sales memo nor the labor foreman possessed the authority to rescind, enlarge or modify his employer's agreement with the plaintiff. There is no finding and no evidence that either had any such authority from the defendant. There is no evidence that anyone in authority for the defendant had ever seen it nor was there evidence which could be said to create a presumption that the defendant had assented to its terms. There was no such finding by the judge. On the record before us, the sales memo had no effect upon the agreement of the parties so as to make the defendant liable for damage to the plaintiff's equipment. We find authority to support this position. *Edgar v. Breck & Sons Corporation,* 172 Mass. 581, 583. A printed warning on a bill head that seeds were not warranted by the defendant was held not to affect the express warranty of lily bulbs under a verbal agreement between the parties. *Lalime & Partridge, Inc. v. Hobbs,* 255 Mass. 189. Invoices with the words "as is" on them did not affect the express warranty made with

reference to the sale of tractors. They "did not as matter of law show a rescission, and the substitution of the invoices in whole or in part as a written contract." *Agoos Kid Co. Inc. v. Blumenthal Import Corp.,* 282 Mass. 1, 14. "It is obvious that statements printed on the defendant's bill heads are not part of the contracts between the parties." *Rosenthal v. Monarch Life Ins. Co.,* 290 Mass. 254, 258. "The terms of the premium notice sent by the defendant and not assented to by the plaintiff could not adversely affect the rights of the plaintiffs in this particular." See also *Williams v. Seder,* 306 Mass. 134, 136, 137. *Maguire v. Haddad,* 325 Mass. 590.

Without considering in detail either the plaintiff's requests for rulings which the defendant claims were erroneously allowed or those of the defendant which it claims were erroneously denied, it is enough to say that the judge should have ruled, as requested, that the sales memo had no affect upon the agreement of the parties and did not obligate the defendant for damage to the plaintiff's equipment which the judge found was not caused by any negligence of the defendant. His failure to do so was error.

It becomes unnecessary to consider the effect of the plaintiff's letter of November 3, 1958 to the defendant wherein the plaintiff wrote "In acknowledging payment in full on these statements, we respectfully release you from any and all claims arising out of accounts to date." It is also unnecessary to dis-

cuss the matter of consideration for the alleged modification of the agreement by the sales memo, which is involved in some of the requested rulings, because, as has been pointed out, there was no modification of the original agreement which would make the defendant liable for damage to the plaintiff's equipment. However, on that subject see *Torrey v. Adams,* 254 Mass. 22, 26, 27.

■ The defendant claims to be aggrieved by the judge's refusal to strike out certain opinion evidence relating to the damage to the plaintiff's equipment, primarily because it is claimed that the expert's opinion was based on information that came from others. There was evidence that the expert witness called by the plaintiff had had extensive experience with heavy equipment and the appraisal of damages to such equipment since 1947, but had never before made an examination and report on a cement mixer. On cross examination he testified that he had talked to a dealer and from the dealer obtained prices and labor costs on which he based his opinion as to the cost of repairs. Whether a witness qualifies as an expert is a matter for the judge to determine. There is no occasion to narrate the evidence further. Suffice it to say that we see no error in the judge's admission of the evidence and his refusal to strike it. *Ambrose's Case,* 335 Mass. 121, 125. *Newton Girl Scout Council, Inc. v. Massachusetts Turnpike Authority,* 335 Mass. 189, 198, 199.

██ The report states (page 13) that it contains all the evidence material to the damage reported. It does not state that it contains all the evidence material to the important, decisive question which we have considered. Therefore, judgment for the defendant cannot be ordered. There must be a new trial. *Elliott v. Warwick Stores, Inc.,* 329 Mass. 406, 409, 410.