Rescript Opinions.

MAX RUCH *vs.* BANCROFT WHEELER. November 27, 1968. The plaintiff's exceptions are to the judge's charge and his refusal to give certain instructions to the jury in an action of tort against a physician for negligence. The plaintiff also excepted to the denial of his motion for a new trial. The only evidence regarding liability came from the defendant. The judge in his charge was far more voluble than instructive. The charge was prolix and most of it was unnecessary. Nevertheless, considering it in its entirety, we do not believe that there was prejudicial error. In addition, although the judge denied the defendant's motion for a directed verdict, to which no exception was taken, from our review of the evidence we do not see how the jury could have arrived at a verdict other than one for the defendant. From the foregoing it is obvious that the denial of the plaintiff's motion for a new trial was not an abuse of discretion.

*Exceptions overruled.*

*Bernard Kaplan (Avram G. Hammer* with him) for the plaintiff.
*John F. Dunn* for the defendant.

JAMES M. LANE's (dependent's) CASE. November 29, 1968. There is no error in the final decree of the Superior Court awarding workmen's compensation death benefits to a surviving widow. The evidence permitted the board's finding that the deceased, although compensated by a share of commissions, was an employee of the insured real estate firm and not an independent broker, and that he was engaged on the employer's business at the time of the accident; also that exertion, while on a business trip, in changing a tire on a cold January day was a cause of the coronary seizure that preceded and led to his death. The board could infer that the deceased had been changing the tire from the testimony that a passerby found him, lying on the ground, gasping and gurgling, beside the jacked up car in the breakdown lane. The trunk of the car was open. The right rear snow tire had been removed and was on the road and the spare tire was in place. *McLean's Case,* 323 Mass. 35, 38. The medical testimony based on probability was adequate to permit the conclusion that there was a medical connection between the injury and death. The decree is affirmed. Costs and expenses of appeal shall be awarded by the single justice.

*So ordered.*

*Daniel A. Canning* for the insurer.
*James C. Gahan, Jr. (Paul A. Kelley* with him) for the claimant.