KATRIN COOPER & another *vs.* HOWARD S. RICHTER. July 13, 1979.
This is an action for medical malpractice in which the plaintiff, Katrin
Cooper, seeks to recover for injuries she suffered as a result of the
defendant's alleged negligent medical diagnosis. The other plaintiff,
Katrin's husband, seeks recovery of medical expenses he has incurred
and for loss of consortium. A jury returned verdicts in favor of the

defendant. The plaintiffs have appealed from the judgment entered in the Superior Court, claiming that the trial judge erred in not permitting the plaintiffs' expert witness to testify to certain matters and that portions of the judge's charge to the jury were improper.

1. Although the plaintiffs' medical expert, Dr. Berkowitz, was allowed to testify, the judge excluded some of his testimony on two grounds. Contrast *Venini* v. *Dias*, 5 Mass. App. Ct. 695, 698-699 (1977). We need address here only the ground that, as a general practitioner, he was not qualified to give an opinion as to the effects earlier hospitalization would have had on the course of Katrin's illness. (E.g., "Do you have an opinion . . . as to whether or not the course that did develop . . . was causally related to the fact that the patient was not hospitalized at that time?") "The rule is well established that whether a person called as an expert has the necessary qualifications to testify is a preliminary question to be decided by the trial judge; and his decision is conclusive, unless it appears on the evidence to have been erroneous as matter of law." *Guinan* v. *Boston Elev. Ry.*, 267 Mass. 526, 527 (1929). *Campbell* v. *Thornton*, 368 Mass. 528, 541 (1975). Contrast *Ambrose's Case*, 335 Mass. 121, 125 (1956).

Within the broad scope of his discretion the judge could properly determine that "Dr. Berkowitz's career as a general practitioner would not qualify him to express the opinions" sought by plaintiffs' counsel (compare *DeJesus* v. *Hamel*, 349 Mass. 764 [1965]) and thus that he lacked a proper basis, in terms of adequate information and preparation, to render an opinion as to the effects earlier hospitalization would have had on her illness. See *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.*, 362 Mass. 306, 309 (1972). Contrast *Commonwealth* v. *Banuchi*, 335 Mass. 649, 654-655 (1957).

2. The plaintiffs further argue that the introductory portion of the judge's charge to the jury was unduly prejudicial, as it improperly raised for the jury's consideration the question of the potential consequences of the jury's action on the defendant's personal life. In deciding whether the judge committed reversible error "a charge is to be tested on the reading of the charge as a whole and not by a consideration of any fragment of it which may be open to criticism." *Haven* v. *Brimfield*, 345 Mass. 529, 533 (1963). See *Ruch* v. *Wheeler*, 354 Mass. 776 (1968). Although the remarks would have been better left unsaid, our reading of the entire charge convinces us that the plaintiffs were not unduly prejudiced by the judge's comment. The remark occurred at the very beginning of the charge and it gave no indication of any bias on the part of the judge. More importantly, we note that the judge continued his charge with a fair and accurate statement of the law as well as the responsibilities of the jury. We think that any prejudicial effect created by the remark was clearly overcome by the rest of the charge. "A reading of the entire charge convinces us that it was a sound statement of the law not to be disturbed by a strained reading of the fragment to which the plaintiffs call our attention." *Linhares* v. *Hall*, 357 Mass. 209, 210 (1970).

*Judgment affirmed.*

*Charles F. Nayor* for the plaintiffs.
*Jacob J. Locke* for the defendant.