WALTER CURTIN'S CASE. No. 86-1324. January 8, 1988. *Workmen's Compensation Act*, Findings by Industrial Accident Board, Independent contractor.

Walter Curtin, a licensed real estate salesman, worked on a commission basis in the office of a real estate firm called Bob & Lee Mathieu Realtors. While allegedly undergoing mental or psychological strain due to the job, Curtin suffered a stroke precipitated by physical exertion in displaying a house to prospective buyers. After hearing, his claim for workers' compensation was denied by single member of the Industrial Accident Board; that decision, with a modification to be mentioned, was affirmed by the reviewing board; and the decision of the board, in turn, was affirmed (without opinion) by a judge of the Superior Court. Curtin has appealed to this court.

The crucial issue regarding this claim was whether Curtin should be characterized as an "employee," and thus entitled to compensation (if other conditions were met), or as an "independent contractor," and thus disentitled. Compare *Brigham's Case*, 348 Mass. 140 (1964); *Lane's Case*, 354 Mass. 776 (1968); Locke, Workmen's Compensation §§ 141-148 (2d ed. 1981). On the present appeal, the record appendix reproduces the transcript of

testimony before the single member where in evidence on this issue — essentially an issue of "right of control" — was offered on the part of Curtin and the insurer. The single member concluded that Curtin was an independent contractor. However, the member's sole subsidiary finding purporting to explain or support this conclusion consisted merely of a paragraph "3" referring to the testimony of two of the witnesses. Even so, the statement appeared to confuse a licensed salesman with a licensed broker. See G. L. c. 112, § 87RR. The single member cited an amendment of G. L. c. 152, § 1(4), which for purposes of workers' compensation excludes a salesperson affiliated with a real estate broker with an agreement specifically providing for compensation only by commissions. The amendment, however, came in through legislation of 1983, St. 1983, c. 447, whereas Curtin suffered his stroke in 1980. (The decision of the reviewing board "amended" the single member's decision by striking out the inapposite citation, as well as a citation to the unemployment compensation statute.)

Paragraph 3 is inadequate as a subsidiary finding to support the ultimate finding or conclusion: it fails to resolve any issues of credibility or to manifest any analysis of the evidence in the light of the applicable substantive rules of law. See *Ackroyd's Case,* 340 Mass. 214, 220-221 (1960). As the reasoning of the single member, and then of the board, thus is undisclosed, the decision appears unprincipled, and appropriate review by the courts is frustrated.

The judgment of the Superior Court is vacated and that court will remand the case to the Department of Industrial Accidents (successor to the Industrial Accident Board) for further action consistent with this opinion.

*So ordered.*

*William J. Branca* for the employee.
*Ellen Gershon* for the insurer.