THADDEUS R. KRUPA & another[1] *vs.* SAFE AND SOUND, INC., & others.[2] No. 92-P-840. May 18, 1993. *Negligence*, One owning or controlling real estate, Standard of care. *Practice, Civil*, Instructions to jury.

From the branch of a neighbor's tree, mature walnuts (in their green husks) dropped on the parking lots of a business which, as events transpired, was dissonantly named Safe and Sound, Inc. Over one of those walnuts the plaintiff Thaddeus R. Krupa complains he fell, injuring his elbow and his ankle. A jury returned a verdict for all the defendants and the plaintiff has appealed.

1. The principal ground of appeal is that the Superior Court judge, in charging the jury, misdirected the jury by concentrating on "the walnut," i.e., using the definite article and the singular, in placing before the jury the duty of care of the defendants. For example, the judge told the jurors: "If, however, you find that the [d]efendant[s] could not have foreseen that their actions or their omissions in removing the walnut would cause injury to the [p]laintiff, then you must find that the [d]efendant[s] owed no duty of care towards this [p]laintiff and your verdict will be for the [d]efendant[s]." To be sure, the duty of the defendants was broader than foreseeing precisely which of a half dozen or so walnuts would prove to be Thaddeus Krupa's undoing. The question for the jury was whether the defendants had a duty to recognize that the fallen walnuts collectively might

---

[1]Evelyn Krupa.
[2]Frederick R. Krampits and Jean H. Krampits, owners of the fruitful walnut tree.

constitute a danger to persons lawfully walking on Safe and Sound's property. *Mounsey* v. *Ellard*, 363 Mass. 693, 708 (1973). *Glick* v. *Prince Italian Foods of Saugus, Inc.*, 25 Mass. App. Ct. 901 (1987).

Although the judge five times spoke of "the walnut," if those references are viewed in the context of the over-all jury instructions, it cannot reasonably be thought that the jurors were misdirected. See *Comey* v. *Hill*, 387 Mass. 11, 17 (1982); *Cooper* v. *Richter*, 8 Mass. App. Ct. 878, 879 (1979); *Commonwealth* v. *Elm Medical Labs., Inc.*, 33 Mass. App. Ct. 71, 82 (1992). The judge described for the jury in general terms the ideas of duty, foreseeability by a reasonably prudent person, causation, and damage. The use of the word "walnut" in the singular was illustrative (in the end, after all, it did come down to a particular walnut) but the jury would have understood from the instruction that the questions they had to wrestle with were: did Krupa slip on a walnut; were the defendants aware of the fallen walnuts; could they reasonably foresee that someone might fall on a walnut; did they do what a prudent person might reasonably be expected to do to avoid injury; was Krupa hurt by his fall; and what were the damages? In response to special questions, the jury found that the defendants had not been negligent. See *Gilhooley* v. *Star Market Co.*, 400 Mass. 205, 206-207 (1987).

2. The judge did instruct the jury that they might find that Safe and Sound, Inc., had a duty to warn its customers about a hazard on its parking lot if the jury found a hazard existed. The judge added that a warning would not be required if the danger were self-evident to a person of ordinary circumspection. The judge further instructed the jury that Safe and Sound would have been entitled to saw off the overhanging limb from the neighbor's walnut tree. The plaintiffs' claim that the jury were inadequately instructed about those possible duties is simply not borne out by the record.

3. As to the defendant Frederick R. Krampits,[3] the plaintiffs requested an instruction that the jury consider whether Krampits was on notice that his tree had become a menace and had a duty to take steps to eliminate the menace. Although walnuts had been dropping from the Krampits' tree for more than thirty-five years, there was no evidence that they had previously done harm. In his closing argument on behalf of the plaintiffs, their counsel never argued that Krampits had an obligation to chop down the walnut tree. At the most, the question was raised whether it would have been prudent to sever the overhanging limb, and that question was put to the jury.

*Judgment affirmed.*

*William C. Flanagan* for the plaintiffs.
*Matthew J. King* for Safe and Sound, Inc.
*John D. Ross, III*, for Frederick R. Krampits.

---

[3]A verdict was directed in favor of the defendant Jean H. Krampits.