FIRST NATIONAL BANK OF GREENFIELD *vs.* JUDSON H. COFFIN.

Franklin.   September 26, 1894. — October 18, 1894.

Present: KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Meaning of Word — Expert — Exclusion of Testimony — Remoteness.*

A witness cannot testify as to what he understood by a word in a letter to him, if the word is not a technical term, has no peculiar or local signification, and there are no extrinsic facts to create ambiguity, and if also, so far as appears, the witness has no better means of understanding the word than the jury.

A witness who was offered as an expert upon the market value of real estate knew nothing about it except what he was told by others, and what he saw of it during

a visit of six days. He was permitted to state the facts he observed tending to show its value; and there was nothing to indicate that the judge erred in holding that the witness had no such actual knowledge of market values in the place of location as to make his opinion competent. Moreover, the time to which his information related was more than a year and a half after the time of the alleged fraudulent sale in question, and his statement as to the condition of the buildings on the property indicated a great depreciation in values. *Held,* that the witness had no such knowledge of the market value of real estate at the place of location as to entitle him to give an opinion in regard to it, and that the testimony might well have been excluded on the ground of remoteness.

CONTRACT, upon a promissory note dated October 16, 1893, by the indorsee against the maker. The defence was fraud as between the original parties in the sale of certain lands at Kearney in the State of Nebraska, and failure and want of consideration, and that the plaintiff took the note with knowledge of these infirmities.

At the trial in the Superior Court, before *Mason,* C. J., the defendant called the president of the plaintiff bank as a witness, who testified to the receipt by him of a letter from one Butman asking information concerning Henry D. Watson of Kearney in the State of Nebraska, who was the payee and indorser of the note, and to the writing by the witness of a reply which contained the words "Henry D. Watson has been a customer of this bank for the past ten years. We have found him reliable in our deal, and have full confidence in any statement he makes." In answer to questions of the defendant, the president testified that he meant by the word "deal" the "dealings" of the bank with the indorser, Watson; and no objection was made by the plaintiff bank to either the question or answer. The defendant then called Butman as a witness, and asked him, "What did you understand by the word 'deal' in the letter referred to?" On the plaintiff's objection, the question was excluded, and the defendant excepted.

The note was the last of three renewals of a note given by the defendant to Watson, at his request, as collateral to certain mortgage notes given by him upon and for an undivided interest in lands bought by him of Watson in the spring of 1892, which lands the defendant contended were of little or no value, and of a different character from that represented by Watson.

Butman testified for the defendant that in November, 1893, he visited Kearney and examined the lands; that they were of

poor quality, open prairie covered with buffalo grass; that in the vicinity were a cotton mill and a woollen mill, neither in operation at the time of his visit, nor apparently for a long time previous, and also a railroad depot with windows and doors boarded up and not in use. Butman was then offered as an expert upon the value of these lands, and testified that he investigated their value by conversations with the principal man of the town, a real estate dealer, as well as with other men of means and long habitation there; that he inquired of the storekeepers as to the property in the vicinity, and the character of the inhabitants, as to how their livelihood was gained, and whether or not such land was desirable for specific purposes; that he talked with from fifteen to twenty-five or thirty people in all; that he visited some portions of the land four or five times, going over the town from one end to the other on nearly every foot of it in a carriage with an old inhabitant; and that he was engaged there about six days. He was then asked what "the market value of those lands, including Mr. Coffin's land, was."

On the plaintiff's objection the question was excluded; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. H. Dudley*, for the defendant.

*J. A. Aiken*, for the plaintiff.

KNOWLTON, J. 1. The question to the witness Butman, "What did you understand by the word 'deal'?" was rightly excluded. No reason appears for introducing evidence in regard to the meaning of the word. It is not a technical term, it has no peculiar or local signification, and no extrinsic facts appear in the case to create ambiguity. Besides, so far as appears, the witness had no better means of understanding it than the jury had.

2. The witness had no such knowledge of the market value of real estate in Kearney, Nebraska, as to entitle him to give an opinion in regard to it. He knew nothing about it except what he was told by others, and what he saw of the place in a visit of six days. The facts that came under his observation which would tend to show the value of the property he was permitted to state to the jury. There is nothing to show that the judge erred in holding that he had no such actual knowledge of market

values there as to make his opinion competent; moreover, the time to which his information related was more than a year and a half after the time of the alleged fraudulent sale, and his finding that the cotton mill and the woollen mill in the vicinity were not in operation, and that the railroad depot was not in use, but had its windows and doors boarded up, indicates that there had been a great depreciation in values there.   The testimony might well have been excluded, on the ground that it was too remote in point of time.                                   *Exceptions overruled.*