JOHN P. FORD & another *vs.* CITY OF WORCESTER.

Worcester. March 5, 1957. — May 1, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, &
WHITTEMORE, JJ.

*Evidence,* Of value; Opinion: expert; Relevancy and materiality. *Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether error harmful.

At the trial of a petition for assessment of damages for a taking of land, it was reversible error to exclude the opinion of a qualified expert as to the value of the land on the ground that his examination and appraisal thereof were about a year after the taking, where there was evidence that the physical condition of the land had remained the same during such interval. [723–724]

There was on the record in a proceeding for assessment of damages for a taking of land no error in excluding expert testimony as to the value of a portion of the taken land located along a highway. [724]

After the respondent at the trial of a petition for assessment of damages for a taking of land had introduced in evidence in cross-examination of the petitioner the price for which he had bought the land, the petitioner was entitled to show that the sellers to him were anxious to dispose of the land and reduced the price because they were in or about to enter the military service. [724–725]

At the trial of a petition for assessment of damages for a taking of land made in 1953, certain evidence as to values in 1943 was so insignificant that its exclusion, if error, was not prejudicial. [725–726]

PETITION, filed in the Superior Court on August 12, 1954.

The case was tried before *Meagher, J.*

*Charles W. Proctor,* for the petitioners.

*Henry P. Grady,* Assistant City Solicitor, for the respondent.

WHITTEMORE, J. This is a petition under G. L. (Ter. Ed.) c. 79 to assess damages for the taking of real estate in Holden in September, 1953. The petitioners saved exceptions to certain rulings excluding evidence. There was error.

1. The trial judge excluded the opinion of Charles W. Bowker, Junior, of the fair market value of the petitioners'

land at the time of the taking. The objection was based on
the ground that Bowker's examinations and appraisals were
in August and November, 1954. There was other testimony
that the physical condition of the estate was the same in
1953 as in 1954. Bowker's general qualifications were ad-
mitted. The petitioners made an offer of proof of Bowker's
testimony of value before and after the taking, which was
good practice though not essential. See *Newton Girl Scout
Council, Inc.* v. *Massachusetts Turnpike Authority, ante,*
189, 199.

The acceptance by the respondent of Bowker's qualifica-
tions meant that he had sufficient knowledge of general
facts relevant to land values in Holden and sufficient ex-
perience to make his opinion of some worth, provided he
was reasonably well informed about the location, appearance
and condition of the petitioners' property at the time it was
taken. Inspection of property while in the same state as at
the taking date is certainly, to say the least, a good way of
acquiring the necessary knowledge. Under the circum-
stances of unchanged conditions the difference in date was
without material significance. *Lyman* v. *Boston,* 164 Mass.
99, 103, 106. *First National Bank* v. *Coffin,* 162 Mass. 180,
relied on by the defendant, is distinguishable.

Although the admission or exclusion of opinion testimony
of this kind is largely in the discretion of the trial judge,
*Muzi* v. *Commonwealth, ante,* 101, 106, and cases cited, it
is manifest that there was an error of law in excluding this
testimony on the ground stated.

There was no error in excluding Bowker's opinion of the
value of a portion of the land along the highway. This
opinion was sought on a showing of Bowker's greater famili-
arity therewith in 1953. We need not consider whether a
case may arise in which evidence of the value of a part of
the land would be necessary or useful to enable the fact
finding tribunal to arrive at a value of the whole before and
after the taking under G. L. (Ter. Ed.) c. 79, § 12. This is
not such a case.

2. The petitioner John P. Ford testified on cross-exami-

nation that the petitioners when they bought the property in April, 1943, paid $5,000 for it. On redirect he was asked, "What was . . . [the sellers'] position at the time you bought it?" This was excluded and the petitioners offered to prove that "the purchase price was reduced because the sellers . . ., the man had already entered the service, and the woman was about to enter the military service . . . and . . . they therefore were anxious to dispose of the property." The respondent having made the 1943 sale relevant under the considerable latitude allowed on cross-examination, see *Whitman* v. *Boston & Maine Railroad,* 7 Allen, 313, 318, it was open to the petitioners to show circumstances of the sale. *Lawrence* v. *O'Neill,* 317 Mass. 393, 397–398. *Ham* v. *Salem,* 100 Mass. 350, 352. The legal presumption that the sale in 1943 was fixed freely and not under compulsion which supports the admission of a sale otherwise relevant and casts on the other party the burden of going forward with evidence of compulsion, *Epstein* v. *Boston Housing Authority,* 317 Mass. 297, 300–302, does not make such evidence irrelevant as the respondent suggests. The pressure on the sellers was relevant even if it did not establish compulsion. It was a circumstance of the sale. However, the great divergence between the 1943 price and the 1953 values, as testified by a witness for the respondent (300%–400%) and as shown by other opinion evidence of the 1953 value, showed how remote and insignificant was any evidence of 1943 value, and we do not think in view of this that the exclusion of this evidence was prejudicial.

3. The qualifications of Thomas J. O'Connell, called by the petitioners, were admitted. He testified that he was in the real estate business in 1942 and a part of 1943 and was familiar with real estate values in January, February, and March, 1943; that he went into the service and was back in the business in 1953. The petitioners excepted to the exclusion of the question of how the values in Holden in those three first months of 1943 compared with the same values in the fall of 1953.

The 1943 value having been brought into the case by the

respondent it would have been within the reasonable dis-
cretion of the judge to admit this evidence but there was no
prejudice for the reason stated in section 2 of this opinion.

4. Because of the error in respect of Bowker's testimony
the entry must be                    *Exceptions sustained.*