MYER MINTZ & another vs. CITY OF WORCESTER.

Worcester.   September 23, 1958. — October 2, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Evidence*, Of value, Judicial discretion.

At the trial of a petition for assessment of damages for a taking of land
owned by petitioners as tenants in common since its transfer to them
by a corporation the capital stock in which the petitioners at all times
owned in equal shares, there was no error of law on the part of the
judge in admitting in evidence as a matter of discretion on cross-
examination of one of the petitioners the sale price of such transfer,
following testimony by him that the transfer was "a bookkeeping trans-
action; that they were looking at it from the tax viewpoint; that there
was no compulsion otherwise to sell."

PETITION, filed in the Superior Court on October 22, 1956.
The case was tried before *Meagher*, J.
The case was submitted on briefs.
*Walter J. Griffin*, for the petitioners.
*Harry J. Meleski*, City Solicitor, & *Henry P. Grady*,
Assistant City Solicitor, for the respondent.

WHITTEMORE, J.   In this petition for the assessment of
damages for the taking in 1956 of land in the city of Worces-
ter, one of the two petitioning owners testified that he and his
coöwner purchased the property in 1927 and presently own
it as tenants in common; that the present tenant had been a
tenant ever since the property was purchased.   He testified
also as to the fair market value of the land.   On cross-
examination he testified that the land was transferred to the
petitioners in 1950 by L. & F. Realty Company, Inc.; that
the same buildings were then on the premises as at the time
of the taking and in substantially the same condition.   When
asked whether he considered the cost of the land in reaching
his determination of value he answered that he "paid a lot
of attention to the value of the land."   He was then asked

if the corporation was forced to sell to the petitioners, and answered "that it was a bookkeeping transaction; that they were looking at it from the tax viewpoint; that there was no compulsion otherwise to sell . . . ." The trial judge overruled an objection to a question asking the sale price, the petitioners took the exception which is now before us, and the question was answered. The petition recited the petitioners' ownership and that the property was described in a deed from "The L & F Realty Co., Inc., dated December 18, 1950." In redirect examination the witness testified that L. & F. Realty Company, Inc., acquired the property in 1935; that its capital stock was at all times owned by the petitioners in equal shares.

We assume without deciding that the presumption that the sale met the tests of admissibility (*Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 301) was overcome by the testimony that it was a bookkeeping transaction for tax purposes. *Ibid.*, 302. Even so, the presiding judge had discretion to decide if the sale occurred in such circumstances that the price would be a useful criterion of value. His decision is not to be reversed unless such as to constitute error of law. *Ibid.*, 300, and cases cited. We cannot say that the judge exceeded his discretion in concluding on the preliminary showing that this evidence should be received. The sale being in evidence, the petitioners would have full opportunity to show why it had limited bearing. *Ford* v. *Worcester*, 335 Mass. 723, 725. A contention that, as the evidence developed, the sale had insufficient relevance to remain in the case (see *Burley* v. *Old Colony R.R.* 219 Mass. 483, 484–485; *Iris* v. *Hingham*, 303 Mass. 401, 407–408) would have been presented on a motion to strike which was not made.

*Exceptions overruled.*