JOSEPH DE VRIES & SONS, INC. *vs.* COMMONWEALTH.

Worcester.   September 22, 1959. — November 4, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Evidence,* Of value; Offer of proof; Judicial discretion; Opinion: expert. *Witness,* Expert witness.

In assessing damages for a taking of part of property used as a sand and gravel pit, while it was correct to exclude consideration of the separate value of the sand and gravel in the property, it was reversible error to exclude evidence to show the quantity of such materials in the property and in the part taken. [664–665]

Offers of proof were unnecessary to the sustaining of exceptions to the disallowance of questions asked on direct examination of a witness as to a certain matter where the judge indicated that he would exclude all evidence on that matter. [665]

In assessing damages for a land taking, a ruling that a sale of adjacent land to the petitioner was a forced sale was not required by the fact that the seller of the adjacent land had to trespass on the petitioner's land to reach the adjacent land. [665]

At the trial of a petition for assessment of damages for a taking of part of property used as a sand and gravel pit, there was no abuse of discretion in refusing to strike the testimony of an expert witness for the respondent although he had had little experience with that kind of real estate, or in allowing the witness to testify that certain other property seen by the jury was used as a source of sand and gravel for sale without washing. [665–666]

PETITION for assessment of damages for a taking of land, filed in the Superior Court on September 15, 1950.

The case was tried before *J. V. Sullivan*, J.

*Thomas S. Carey*, (*Joseph S. Virostek* with him,) for the petitioner.

*William D. Quigley*, Assistant Attorney General, for the Commonwealth.

WHITTEMORE, J.  The petitioner excepted to the exclusion of evidence of the amount of sand and gravel in its sand and gravel pit in Uxbridge, a part of which was taken by the Commonwealth in March, 1950, and of evidence of the amount of such material in the part of the land which was taken.  The trial judge stated that the evidence was excluded on the ground that the petitioner was not entitled to the value of the gravel as merchandise, allowed testimony of the elevation of the land at various points as tending to show that it included mounds containing gravel, and instructed that the gravel was a contributing element in estimating damages to the extent that the jury might say it enhanced that value.

These exceptions must be sustained.  The petitioner was entitled to give the jury a full description of the property as a sand and gravel pit with reserves.  The jury were to determine the fair market value of what was taken and the diminution in fair market value of what remained in the light of the relevant characteristics and uses of the property.  *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, 193–198.  *Tigar* v. *Mystic River Bridge Authy.* 329 Mass. 514, 517.  The judge was right in ruling that the value of the sand and gravel was not the measure of damages and there is nothing to suggest that it was not a wise exercise of discretion to exclude the value of the separable material as a "confusing and . . . speculative" factor in determining the market value of the property as real estate.  See *Manning* v. *Lowell*, 173 Mass. 100, 102–103; *Providence & Worcester R.R.* v. *Worcester*, 155 Mass. 35, 36, 41.  Compare *Maynard* v. *Northampton*, 157 Mass. 218; *Pegler* v. *Hyde Park*, 176 Mass. 101; *Wellington* v. *Cambridge*, 220 Mass. 312, 318.  While testimony of the cubic yardage would be a first step in proof of value, it had

independent relevance. In *Manning* v. *Lowell, supra,* there was evidence of the quantity of sand and its worth in the ground. An exception, which was overruled, attacked the allowance of cross-examination on the issue of the value of the sand. The court said (p. 103), "All of the evidence relating to the value of the sand as merchandise might have been excluded in the discretion of the presiding justice, as the question in the case was the market value of the land, and not the value of sand." We do not construe that statement to apply to evidence of the quantity of the material as a part of the description.

We take notice that sand and gravel deposits in this Commonwealth are widespread. In the case of a taking of such deposits there may be a likelihood, as was suggested by some evidence here, that replacement sources may be available near by at the price of undeveloped rural acreage. But this does not make irrelevant evidence of the extent of owned reserves at the point of operation of a grading and washing plant. Evidence of yardage value being excluded, the trial judge can appropriately provide in the charge against the possibility of unjustified inflation of the award through evidence of a large total quantity of material.

The judge correctly ruled, when offers of proof were made, that they were unnecessary in the circumstances. *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, 199. Cf. *Ford* v. *Worcester, ante,* 657, 659–660.

The other evidential rulings to which exceptions were taken were within the discretion of the trial judge. The fact that the seller of adjacent land, which the petitioner bought in 1949, had to trespass on the petitioner's land to reach his parcel did not require a ruling that the sale was forced. *Epstein* v. *Boston Housing Authy.* 317 Mass. 297, 300. *Ford* v. *Worcester,* 335 Mass. 723, 725. *Mintz* v. *Worcester,* 337 Mass. 756, 757. It lay within the trial judge's discretion to refuse to strike the testimony of an expert witness for the respondent who showed little experience with real estate used as a source of sand and gravel. See *Lee Lime Corp.* v. *Massachusetts Turnpike Authy.* 337 Mass. 433, 437 (a con-

verse case).  No error is shown in permitting the respondent's expert to testify that other property, which the jury had seen, was used as a source of sand and gravel for sale without washing.

It is unnecessary to consider the several exceptions to the charge, which, apart from the issue of quantity of material, are addressed to the form rather than the substance of the statements of the relevant law.

*Exceptions sustained.*