DEBORAH ANN VARNEY & another *vs.* MILTON J. DONOVAN, executor. January 29, 1970. This action of tort for negligence is before us on the defendant's exceptions. The landlord admittedly was at all relevant times in control of the rear porches and stairways of premises owned by her, consisting of a three-story building with stores on the first floor and apartments on the second and third floors, on State Street, Springfield. On conflicting evidence, viewed most favorably to the plaintiffs, the jury could find the following: The minor plaintiff's aunt had been a tenant on the third floor of the premises since 1956. When the tenancy began the back porch was approximately level and in good condition. Thereafter, due to progressive deterioration, the porch began to pull away from the house and at the time of the accident the floor of the porch slanted or pitched at least four inches. On November 18, 1962, the minor plaintiff, then two years old, her mother, and other persons, including several children, were guests of the tenant. As she was leaving, the child stepped down from the porch, took two steps, leaned forward and fell to the ground through an opening between the railings at the top of the steps which led down to the second floor porch. Predicated on these facts the jury could reasonably conclude that the change in the pitch of the porch, in relation to its proximity to the opening at the head of the steps, created a hazardous condition to invitees of the tenant such as the minor plaintiff and was the proximate cause of her injury. See *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205, 206; *Dreher* v. *Bedford Realty, Inc.* 335 Mass. 385, 389. We find no reason to reverse the ruling of the judge on the qualifications of one who has spent his life in the construction business, and was completely familiar with apartment houses with open porches, to give his opinion on the progress of timber rot in such porches. The allowance of the defendant's motion for a mistrial because of remarks of the judge is not required as matter of law.

*Exceptions overruled.*

*Donald A. Beaudry* for the defendant.
*Louis Kerlinsky* for the plaintiffs.