PATRICIA D. VENINI & another *vs.* JOHN J. DIAS & another.

Middlesex.    February 15, 1977. — November 23, 1977.

Present: HALE, C.J., GOODMAN, & ARMSTRONG, JJ.

*Witness,* Expert. *Evidence,* Qualification of expert witness. *Negligence,* Motor vehicle.

At the trial of an action for injuries suffered by the plaintiff when her automobile struck a rear wheel and axle assembly which had become detached from the defendant's automobile, it was reversible error to exclude the opinion of an automobile service manager who was qualified to testify as to the probability of manifestations which would have been produced well before the assembly became detached and would have warned the defendant of the problem, even though he may not have been qualified to testify concerning the cause of a broken bearing in the assembly. [696-699]

TORT.   Writ in the Superior Court dated May 13, 1971.
The action was tried before *Good,* J.

*Vincent Galvin* for the plaintiffs.

*David C. Williams* for John J. Dias.

*Stephen I. Lipman* for Cohasset Motors, Inc.

GOODMAN, J.   This action for negligence brought by
Patricia D. Venini and her husband, Roy G. Venini, arises
out of an accident which occurred on the Massachusetts
Turnpike after dark on April 6, 1970. Mrs. Venini claims
damages from the defendant Dias for personal injuries she
suffered when the automobile which she was driving struck
a rear wheel and axle assembly lying on the road. The as-
sembly had become detached from the automobile owned
and driven by the defendant Dias. Roy G. Venini claims
consequential damages. The plaintiffs also claim damages
from Cohasset Motors, Inc. (Cohasset), alleging that the
motor vehicle operated by Dias "was purchased from CO-
HASSET ... [and] was defective in its make, manufac-
ture, design, preparation and maintenance ...." The de-
fendant Dias, on November 1, 1971, filed a third-party dec-
laration (G. L. c. 231, § 4B, as amended through St. 1968,
c. 324; see now Mass.R.Civ.P. 14[a], 365 Mass. 760-761
[1974]) impleading Cohasset and the Ford Motor Com-
pany and alleging that he had purchased the vehicle from
the third-party defendants and that it was defective. The
plaintiffs appeal from judgments for the defendants Dias
and Cohasset; they contend that it was error to direct ver-
dicts for those defendants, and they also attack various evi-
dentiary rulings, including the judge's refusal to permit one
Mudie, a service manager for a Ford dealership, to testify
as an expert. (1) We hold that this ruling was erroneous
and reverse the judgment entered in favor of Dias; (2) we
affirm the judgment entered in favor of Cohasset.

1. The plaintiffs called Mudie as a witness after the
plaintiff, Roy G. Venini, who was a mechanic and had in-
spected the detached wheel and axle assembly, described
in detail its condition, including a broken bearing. After a
voir dire on Mudie's qualifications, the judge ruled that he

would "not accept his testimony in this case as an expert."

We have in mind that "[i]n determining the qualifications of an offered expert the trial judge has a wide discretion which is seldom disturbed." *Muzi* v. *Commonwealth,* 335 Mass. 101, 106 (1956). And the Supreme Judicial Court has "often stated that '[w]hether a witness who is called as an expert has the requisite qualifications and knowledge to enable him to testify, is a preliminary question for the court. The decision of this question is conclusive, unless it appears upon the evidence to have been erroneous, or to have been founded upon some error in law.' *Perkins* v. *Stickney,* 132 Mass. 217, 218 [1882], and cases cited." *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.,* 362 Mass. 306, 309 (1972). But as with preliminary questions of fact generally, "the judge must act within the scope of a sound judicial discretion. His decision will be reversed where plainly erroneous . . ." — where the decision is "plainly incorrect." *Southwick* v. *Massachusetts Turnpike Authy.,* 339 Mass. 666, 668-669 (1959), citing *Muskeget Island Club* v. *Nantucket,* 185 Mass. 303, 304-306 (1904). *Old Silver Beach Corp.* v. *Falmouth,* 266 Mass. 224, 226 (1929).[1] See *Coghlan* v. *White,* 236 Mass. 165, 167-168 (1920); *Kelley* v. *Jordan Marsh Co.,* 278 Mass. 101, 106-108 (1932). Cases of reversal of a trial judge's determination of an expert's qualifications are rare, but see *Muskeget Island Club* v. *Nantucket, supra; Old Silver Beach Corp.* v. *Falmouth, supra* at 225-227; *Muzi* v. *Commonwealth, supra; Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.,* 335 Mass. 189, 197-198 (1956); *Ford* v. *Worcester,* 335 Mass. 723, 723-724 (1957). Compare *Com-*

---

[1] The defendant is not aided by the formulation of the standard for review in *Langis* v. *Danforth,* 308 Mass. 508, 510 (1941) — also found in *Rubin* v. *Arlington,* 327 Mass. 382, 385 (1951) — viz.: "Except in rare instances where, as matter of law, the exclusion of the proffered evidence would be unwarranted, the preliminary question of the qualification of a witness called as an expert must rest with the trial judge." This formulation does not preclude reversal in "cases where the decision of the trial judge is plainly erroneous. . . ." *Rubin* v. *Arlington, supra* at 384-385, citing among others the *Langis* case. Cf. *Commonwealth* v. *Seit,* 373 Mass. 83, 91-92 (1977).

*monwealth* v. *Banuchi,* 335 Mass. 649, 655-656 (1957) (exclusion of expert testimony held to be error where the trial judge misunderstood the relevance and purpose for which it was offered). But we are of the opinion that in this case the judge's determination cannot stand.

The judge ruled: "So on the evidence I have here, I am satisfied that this man is, indeed, a certified [service ?] manager of the Ford dealership over a period of years and whatever his experience is, whatever his knowledge is incidental to that world. As far as his qualifying as an expert to give his opinion about anything other than *the ordinary mechanics of the running of the service department, as he has described it to me,* I have concluded that he is not an expert" (emphasis added). Counsel for the plaintiffs observed that "[h]e hasn't given any testimony, yet," and the judge then indicated that he would not permit counsel to "proceed in any direction."

This was too sweeping a prohibition. Such total foreclosure is inconsistent with Mudie's experience as accepted by the trial judge. Thus in describing "the ordinary mechanics of the running of the service department" Mudie testified that a good part of his work was "diagnostic" which he defined as "evaluating a problem that a customer might have on the automobile, evaluating that problem, more or less as quickly as possible, while he is there. Explain to him what it would need." As part of this "diagnostic" work he would road test vehicles when people came in with complaints. He was asked, "People come to you and complain of noises in various parts of the car and you take a road test; is that correct?" He answered, "Constantly." He also replied in the affirmative to the question, "And you evaluate where the problem is and what the problem is and assign it?"

There may well be certain areas concerning the cause of the break in the bearing with reference to which Mudie might reasonably have been held to be unqualified as an expert, but that did not warrant complete exclusion of his testimony. See *Southwick* v. *Massachusetts Turnpike Authy.,* 339 Mass. at 671. One can obviously qualify as an ex-

pert concerning some matters but not concerning other re-
lated matters. Leach & Liacos, Massachusetts Evidence
97-98 (4th ed. 1967). See *Commonwealth* v. *Seit,* 373 Mass.
83, 91-92 (1977). Mudie was not being called upon to
give his opinion as to what caused the bearing to break.
The plaintiffs specifically disavowed this purpose, and the
emphasis of their offer of proof was on the manifestations
which would precede the detachment of the defective wheel
and axle. The plaintiffs offered to show, among other things,
that, given the broken bearing, a noise becoming progres-
sively louder would have been produced well before the
assembly became detached and would have warned Dias
that something was amiss. Mudie's empirical expertise[2]
clearly qualified him to testify at least to the probability
of such a manifestation — regardless of his lack of formal
training in metallurgy or the like. *Cunningham* v. *Gans,* 507
F. 2d 496, 500 (2d Cir. 1974). *Moran* v. *Ford Motor Co.,*
476 F. 2d 289, 291 (8th Cir. 1973). See *Olsen* v. *New En-
gland Fuel Transp. Co.,* 251 Mass. 389, 392 (1925) ; *Varney*
v. *Donovan,* 356 Mass. 739 (1970) ; *Wilborg* v. *Denzell,* 359
Mass. 279, 283 (1971).

We need not consider Dias' motion for a directed verdict,
since he does not contend that he would have been entitled
thereto if Mudie had been permitted to testify. Nor need
we deal with other rulings on evidence which the plaintiffs
have argued, since they may arise (if at all) in a different
context.

2. The plaintiffs' brief does not appear to press their ap-
peal from the judgment in favor of Cohasset. No argument
is made concerning the directed verdict in favor of Cohas-

---

[2] We note that in addition to a lifetime of experience with motor
vehicles culminating in his work as a service manager for Ford dealer-
ships for the past twenty-seven years, Mudie, according to his undis-
puted testimony at the voir dire, held a certificate issued by the Com-
monwealth to teach automotive engineering in vocational training pro-
grams and had attended about 20 to 25 one-to-three day programs at
the Ford Motor Company factory with reference to mechanical work.
He had also testified as an expert in prior court proceedings in Massa-
chusetts.

set; nor do the plaintiffs make any argument relative to Cohasset on the evidentiary rulings.

Accordingly, the judgment entered in this case is reversed; a judgment is to be entered for Cohasset on counts five, six, and nine of the plaintiffs' complaint. The case is to stand for trial on counts one, two and seven of the complaint against Dias and on the third-party complaint by Dias.

*So ordered.*