BATES SAND & GRAVEL CO., INC. & another *vs.* COMMONWEALTH. April 25, 1980. We are asked to decide whether a Superior Court judge erred in holding that written instruments entered into by Bates Sand & Gravel Co., Inc. (Bates), and Hazel L. Sawyer granted to Bates a mere license to take gravel and other materials from land subsequently taken by the Commonwealth through eminent domain and that this license was insufficient to entitle Bates to damages from the taking under G. L. c. 79, § 6.[1] We conclude that this was error.

Bates and Sawyer executed two agreements,[2] one dated October 1, 1970, and another dated December 18, 1970, and entitled "Agreement and Lease," which in substantially the same language granted to Bates the right to enter upon a specified parcel of Sawyer's land to remove sand, gravel, and stone in such quantities as Bates might desire. In addition to "One Dollar and other valuable consideration," the agreements provided that Bates was to pay Sawyer a monthly compensation based on the amount of sand removed during the preceding month. By the terms of the December agreement Bates' rights to remove such material were exclusive against all others except Sawyer's son and Sawyer, who reserved the right to enter upon and use her land for any purpose. Bates' rights were to continue until December 31, 1972, and should Sawyer not exercise her option to terminate the "lease" on that date, its rights were to continue three more years. Both instruments were acknowledged and recorded.

We conclude that the instruments in question transferred to Bates a present interest in the Sawyer land. Our conclusion is supported in part by the formalities the parties observed, namely the fact that the agreements were in writing, acknowledged, and recorded. See *White* v. *Foster,* 102 Mass. 375, 378-379 (1869). But we are also influenced by the

---

[1] Hazel L. Sawyer petitioned for an assessment of damages under G. L. c. 79, § 14, for land owned by her and taken by the Commonwealth in 1971 for a flood control project. Bates' motion to be made a party-plaintiff to the proceedings was allowed. Sawyer thereafter challenged Bates' claim to an interest in her land. A trial judge ruled that the agreements executed by Sawyer and Bates gave rise to a license, which had been terminated by the taking. The judge allowed Sawyer's motion to dismiss Bates as a party-plaintiff, and a judgment was entered dismissing Bates' action. The Appeals Court reversed, 8 Mass. App. Ct. 331 (1979), and we granted further appellate review. The Commonwealth, as stakeholder, has taken no position.

[2] The two agreements are not in conflict with regard to terms determinative of the parties' intent. Thus, we need not decide whether the second was meant to supersede the first — the result would be the same under either of the two instruments.

substance of the rights conveyed. For at least the period dating from October 1, 1970, to December 31, 1972, Bates was granted a right of entry; a right to remove and take from the land sand, gravel, and stone; and a right to participate in the profits therefrom. This bundle of rights falls squarely within the definition of a profit à prendre, and we so designate it for the sake of historical accuracy. See *Gray* v. *Handy,* 349 Mass. 438, 441-442 (1965); Black's Law Dictionary 1090 (5th ed. 1979); Restatement of Property § 450, Comment f (1944); 3 H. Tiffany, Real Property § 839 (3d ed. 1939). Cf. *First Nat'l Bank* v. *Konner,* 373 Mass. 463 (1977). We agree with the Appeals Court's conclusion that the fact that Bates' interest was held in gross and was not exclusive does not convert the profit into a license. 8 Mass. App. Ct. 331, 333-334 (1979), and cases cited. Nor do the provisions for monthly payment based on a fixed price per unit of earth materials extracted require a different result. See *Moore* v. *Schultz,* 22 N.J. Super. 24, 30 (1952), aff'd, 12 N.J. 329 (1953). Cf. 2 H. Tiffany, Real Property § 588 (3d ed. 1939). Contra, *United States* v. *1,070 Acres of Land,* 52 F. Supp. 378, 379-380 (M.D. Ga. 1943) (dicta).

As the owner of the profit à prendre, Bates held a compensable interest in the condemned real estate. 2 Nichols, Eminent Domain § 5.72 [7] (rev. 3d ed. 1978). It should have been allowed to share in the compensation to be awarded for the land as enhanced by the existence of the deposits of sand, gravel, and stone to the extent of the fair market value of its interest. See *H.E. Fletcher Co.* v. *Commonwealth,* 350 Mass. 316, 323-324 (1966); *Joseph DeVries & Sons* v. *Commonwealth,* 339 Mass. 663, 664 (1959); *Manning* v. *Lowell,* 173 Mass. 100, 102-103 (1899); *Providence & Worcester R.R.* v. *Worcester,* 155 Mass. 35, 41 (1891); 4 Nichols, Eminent Domain §§ 13.22, 13.22 [1] (rev. 3d ed. 1978). See generally Roberts, Condemnation of Coal, Lignite, Gravel, and Other Materials Mineable Through Surface Methods, 1979 Sw. Legal Foundation Inst. on Plan., Zoning, & Eminent Domain 369.

The judgment of the Superior Court dismissing Bates' action is reversed, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*James F. Bergin* for Bates Sand & Gravel Co., Inc.
*Richard T. Tucker* for Hazel L. Sawyer.