DOROTHY G. EDINBURG vs. HENRY W. MERRY
(and a companion case).

Norfolk. March 16, 1981. — May 5, 1981.

Present: HALE, C.J., BROWN, & GREANEY, JJ.

*Negligence,* Contractor. *Practice, Civil,* Directed verdict, Bias of judge.
*Evidence,* Expert opinion, Value. *Witness,* Expert.

In a negligence action to recover for damages to the plaintiff's decorative
oriental antique house when a crane toppled onto it while it was being
reconstructed under the supervision of the defendant's son, the judge
erred in directing a verdict for the defendant where there was suffi-
cient evidence to warrant findings that the son's negligence was attrib-
utable to the defendant and was the proximate cause of the damage to
the plaintiff's property. [777]

In an action to recover for damages to the plaintiff's Sukiya house, a dec-
orative oriental antique, the judge erred in excluding the testimony of
the plaintiff's expert as to the value of the house where, although there
may have been specific areas of Sukiya architecture as to which the
witness could have been held to be unqualified to testify, his empirical
expertise qualified him to render an opinion as to the value of the
plaintiff's house. [777-778]

CONTRACT AND TORT. Writs in the Municipal Court of
Brookline dated November 6, 1968, and in the Superior
Court dated July 24, 1967.

The cases were consolidated for trial in the Superior
Court and were tried before *Paquet,* J.

*Geoffrey D. Wyler* for the plaintiff.

*Robert Fulton* for the defendant.

BROWN, J. The plaintiff (Edinburg) appeals from a judg-
ment absolving the defendant, Henry Merry, of any liability
for damages incurred as a result of a crane toppling onto the
plaintiff's "Sukiya" house, a decorative oriental antique,
during its reconstruction. In her two count complaint the
plaintiff alleged negligence and breach of contract. At the

close of the evidence the judge directed a verdict for the defendant on the negligence count, and allowed the contract claim to go to the jury.

In a companion case for payment for work performed, consolidated at trial with the main case, a judgment was also entered adverse to the plaintiff. In this consolidated appeal the plaintiff asserts error in (1) the directing of a verdict on the negligence count; (2) that the judge's display of bias and prejudice violated her right to a trial before an "impartial and independent" judge pursuant to art. 29 of the Declaration of Rights of the Massachusetts Constitution; (3) the exclusion of expert testimony on the issue of value of the house before and after the accident; and (4) the exclusion of physical evidence depicting the house before and after it had undergone reconstruction.

We summarize the pertinent facts. In 1966 the plaintiff purchased, at auction, a Sukiya house,[1] then located in Clemson Park, Middletown, New York. The purchase price was $3,000. Thereafter on October 7, 1966, the plaintiff engaged the defendant Henry Merry and his son Robert to dismantle, move, and reassemble the house at a site in Manchester, Vermont. The agreed upon price for those services was to be $5,000. This dispute arises out of an incident which occurred on December 10, 1966, at the Manchester site while the house was being re-erected. On that date a crane operated by a subcontractor[2] was in the process of lowering a roof section when the crane suddenly "tipped over" onto the house, causing extensive exterior and interior damage. After consultation with her attorney, the plaintiff instructed the defendant to discontinue work on the house. The plaintiff had paid only $3,000 of the contract price at that time.

---

[1] A Sukiya house is described as a "Japanese gentleman's house." The term apparently signifies a specific motif of Japanese art, the so called "tea house style" architecture.

[2] In September, 1969, the plaintiff settled her claim for negligence against the subcontractor.

1. It was error for the judge to direct a verdict for the defendant on the negligence count. We need not state the familiar test. See e.g., *Alholm* v. *Wareham,* 371 Mass. 621, 627 (1976), and cases cited. It is sufficient to note that before an issue is removed from the jury's consideration "the plaintiff is entitled to the benefit of all the evidence most favorable to [her]." *Campbell* v. *Thornton,* 368 Mass. 528, 535 (1975), quoting from *Kelly* v. *Railway Exp. Agency, Inc.,* 315 Mass. 301, 302 (1943). Evidence leading to conclusions adverse to the plaintiff must be disregarded. *Id.*

At trial there was evidence that the defendant's son and agent, Robert Merry, in the absence of the defendant, directed and participated in the entire "rigging" operation at the time of the accident. There was further testimony that despite poor visibility due to darkness, and the protestations of the crane operator, Robert insisted that the operation continue. From this evidence, taken in the light most favorable to the plaintiff, a jury could have reasonably inferred that any negligence on the part of the son was attributable to the father, and that such negligence was the proximate cause of the damage to the plaintiff's property.

2. We treat briefly only those issues which may arise at retrial.

a. It is well settled that "the preliminary question of the qualification of a witness called as an expert must rest with the trial judge." *Langis* v. *Danforth,* 308 Mass. 508, 510 (1941). That discretion, however, is not without limits. See *Venini* v. *Dias,* 5 Mass. App. Ct. 695, 697 (1977), and cases cited. Compare *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.,* 335 Mass. 189, 197-199 (1956). In assessing an expert's qualifications, the judge must look to the expert's " 'education, training, experience and familiarity' with the subject matter of his testimony." *Gill* v. *Northshore Radiological Associates, Inc.,* 10 Mass. App. Ct. 885, 886 (1980), quoting from *DeJesus* v. *Hamel,* 349 Mass. 764 (1965).

In actions involving damages to property, proof of market value prior to the time of the injury is obviously of major im-

port.  Here, the uniqueness of the subject matter presented unusual problems of valuation.

The witness, Harmer Johnson, was a licensed auctioner and art dealer of considerable experience with over eighteen years in the evaluation and appraisal of art works.  During his career, Mr. Johnson rendered over 1,000 art appraisals for either fair market, replacement, gift tax or estate valuation.  At the time of trial, Mr. Johnson was in the process of appraising Japanese art at the estate of the late Nelson Rockefeller where a "Sukiya styled house" was located.

Johnson had been engaged by the plaintiff to give an appraisal of the Sukiya house as it stood in 1966 prior to the accident.  In preparation for such an appraisal, he researched and studied auction records and public records.  He spoke to "dealers, museum curators and collectors of oriental art." Although there may have been specific areas of Sukiya architecture as to which Johnson "might reasonably have been held to be unqualified [to testify] . . . his empirical expertise . . . regardless of his lack of formal training," *Venini* v. *Dias, supra* at 698, 699, qualified him to render an opinion as to the value of the house as it sat in its unaltered state in Middletown, New York.  It appears to us that a total exclusion of his testimony was too sweeping.  *Id.* at 698.

b.  In her efforts to establish the value of the property in its reconstructed form at the Manchester site, the plaintiff attempted to introduce portions of a deposition of one Josiah Allen, a licensed real estate broker in that area of Vermont. We are unable to conclude that the judge improperly refused to admit the purportedly expert testimony that a Japanese gentleman's house is an art object, not a residential abode.  There was no abuse of discretion in this instance.

c.  As to the admissibility of certain documentary and photographic evidence offered by the plaintiff, we merely note that those matters are within the broad, but not unlimited, discretion afforded the trial judge as to relevance and probative value.

3.  Deciding as we do, it is not necessary for us to consider the plaintiff's claim that the trial judge displayed ethnic and

racial bias and prejudice toward the plaintiff, her evidence and her witnesses, see *Berger* v. *United States,* 255 U.S. 22, 28 (1921), as we believe such a reoccurrence at the new trial to be unlikely. Compare *Commonwealth* v. *Sneed,* 376 Mass. 867, 869-870 (1978), and cases cited.

4. We must now reach the question of disposition. Only the judgment in the plaintiff's action against the defendant is before us, as the plaintiff has made no challenge within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), to the judgment in the companion case. The plaintiff's negligence and contract claims in the main case and Henry Merry's contract claims in the companion case are so tightly interwoven that we think in the circumstances the retrial must include all issues. However, as the plaintiff has not properly appealed from the judgment in the companion case, she is remitted to such relief as may be available under the procedures outlined in *Kunkel* v. *Alger,* 10 Mass. App. Ct. 76, 87 (1980), and authorities cited therein.

The judgment in 95087 is reversed, and the verdict on which it is based is set aside. The case is to stand for further proceedings in the Superior Court consistent with this opinion. Neither party is to have costs of appeal. Mass.R.A.P. 26(a), as amended, 378 Mass. 925 (1979).

*So ordered.*