Donohue, J.
INTRODUCTION
After the Defendant took the Plaintiffs land pursuant to its powers of eminent domain, the Plaintiff sued the Defendant to recover the fair market value of the land taken. After a trial on the merits, the jury awarded the Plaintiff $100,000.00 for the land taken by the Defendant. The Defendant seeks a new trial, as the evidence did not warrant such a finding. For the following reasons, the Defendant’s Motion for a New Trial is allowed subject to certain conditions.
BACKGROUND
The following evidence was presented to the juiy. The Plaintiff owned a seventy-five-acre parcel of land in Princeton. The Plaintiff used slightly more than six acres of the land as a dump for the town’s trash. There was a slightly less than three-acre buffer zone adjacent to the dump. The Plaintiff was ordered by the Commonwealth to close and cap the dump. In 1987, the Defendant took the six-acre dump and a three-acre buffer zone. The Defendant presented evidence that the closing of the dump actually increased the value of the remaining sixty-six acres of the Plaintiffs land.
There was also testimony presented by a geologist that the land which composed the buffer was comprised of marketable topsoil, gravel, sand and fill. In addition, the dump site was used as a land fill site for the town for two years after the taking.
The Defendant presented evidence that the fair market value for the nine acres was $2,500.00, apportioned as $1,000.00 for the six-acre dump and $500.00 per acre for the three-acre buffer zone. The Plaintiffs expert witness testified that based on the possible uses for the land, the fair market value of the land taken by the Defendant was $32,000.00. The Plaintiff testified at triad. His testimony was that he would not sell his land for less than $10,000.00 per acre, despite its use as a buffer zone or dump.
The Plaintiffs valuation of the land at $10,000.00 per acre was determined by the price paid to the Plaintiff for swampland taken many years later by the Metropolitan District Commission under its powers of eminent domain. This swampland adjoined the land taken by the Defendant.
The jury awarded the Plaintiff $100,000.00 for the land taken by the Defendant. The Defendant now seeks a new trial, arguing that the jury was not mindful of the evidence of the fair market value of the land, and that the jury’s award was motivated by sympathy, not by the Court’s instructions. The Plaintiff opposes the motion, arguing that not only was the jury correct to award $100,000.00, but the jury could *242 have actually awarded $150,020.00, based on the uses and residual values of the land taken by the Defendant.
DISCUSSION
If the damages awarded by a jury are greatly disproportionate to the injury proven, then a new trial is proper. See Drivas v. Barnett, 24 Mass.App.Ct. 750, 755 (1987). Before a new trial will be granted for the award of excessive damages, the plaintiff must be given an opportunity to remit such sum as the judge considers excessive. See Tosti v. Ayik, 394 Mass. 482, 499 (1985), cert. denied, 484 U.S. 814; Tower v. Hirschhorn, 397 Mass. 581, 589 (1986). The trial judge has discretion to require additur or remittitur of a jury verdict. See Blake v. Commissioner of Correction, 403 Mass. 764, 770-71 (1989).
When an individual’s land is taken by eminent domain, he is entitled to recover the fair market value of the land at the time of the taking. See Newton Girl Scout Council Inc. v. Massachusetts Turnpike Authority, 335 Mass. 189, 193 (1956), citing Tigar v. Mystic River Bridge Auth., 329 Mass. 514, 517 (1952); Kinney v. Commonwealth, 332 Mass. 568, 571-72 (1955). “In determining fair market value, the effort is to determine ‘the highest price which a hypothetical willing buyer would pay to a hypothetical willing seller in an assumed free and open market.’ Epstein v. Boston Hous. Auth., 317 Mass. 297, 299-300 [(1944)]. All the uses to which the property is reasonably adapted may be considered.” Newton Girl Scout Council Inc., 335 Mass. at 193, citing Tigar, 329 Mass. at 517-18. However, this valuation of the property does not include the “value of separable material” such as sand and gravel, as such material is not “merchandise” for which the landowner is entitled compensation. Joseph De Vries & Sons, Inc. v. Commonwealth, 339 Mass. 663, 664 (1959).
In the present case, there was expert testimony that the land taken by the Defendant was worth between $2,500.00 and $32,000.00. In addition, the Plaintiffs own testimony indicated that he would not have sold the land for less than $90,000.00, or $10,000.00 an acre. The Plaintiffs minimum acceptable amount is not expert testimony as to the true fair market value of the land, and therefore cannot justify the award given by the juiy. The jury was instructed to award the Plaintiff the fair market value of the land, not the amount that the plaintiff would have accepted for the land, or the amount the land would be worth based on its sand and gravel deposits. It is clear that the jury did not follow the instructions in this case. An award which is $68,000.00 in excess of the highest fair market value presented by an expert witness is greatly disproportionate to the actual value.
Because the Plaintiff must be given the opportunity to remit a portion of the jury’s award before a new trial is granted, see Tosti, 394 Mass. at 499; Tower, 397 Mass. at 589, the Plaintiff has ten days from the date of this Memorandum of Decision and Order to exercise its option to remit $68,000.00 to the Defendant. If the Plaintiff chooses not to exercise his opportunity to remit, the Defendant’s Motion for a New Trial is allowed, and the case shall be marked for a new trial at the earliest date available. In either event, the Plaintiff must notify the Court and the Defendant of its decision within ten days.
ORDER
For the foregoing reasons, it is hereby ORDERED that if the Plaintiff fails to REMIT to the Defendant the amount of $68,000.00 from the jury’s verdict within ten (10) days from the date of this Memorandum of Decision and Order, the Defendant’s Motion for a New Trial is ALLOWED. The Plaintiff must remit or request a new trial within ten (10) days from the date of this Memorandum of Decision and Order.