JOHN R. CONSOLINI *vs.* COMMONWEALTH.

Berkshire.     October 10, 1963. — December 3, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Evidence,* Of value; Judicial discretion; Opinion: expert. *Witness,* Expert witness.

At the trial of a petition for assessment of damages for a taking of a part of a parcel of land whose "highest and best use" was "for a gravel bed," it was within the discretion of the judge to exclude evidence of an agreed price payable for gravel removed from the parcel and evidence of the fair market value of the "gravel in the bank" in the area taken [502]; it was error to exclude evidence of the prices paid in sales, near the time of the taking, of two lots of gravel bearing land contiguous to the area taken and "identical" therewith, although such lots differed substantially in size from the area taken [502–503]; and it was within the discretion of the judge to determine that an experienced real estate appraiser was qualified to give an opinion of the value of the area taken although he had appraised only one other gravel bed.   [503]

PETITION filed in the Superior Court on August 3, 1960.

The case was tried before *Quirico, J.*

*Frederick M. Myers, Jr.,* for the petitioner.

*Rudolph A. Sacco,* Assistant Attorney General, for the Commonwealth.

SPIEGEL, J. This is a petition for the assessment of damages under G. L. (Ter. Ed.) c. 79, § 14, for a taking of about eleven acres of the petitioner's land in the town of Sheffield. The case is here on exceptions of the petitioner to the admission and exclusion of evidence.

The land taken formed part of a parcel of about twenty-four acres, all of which was "gravel bearing land." The

petitioner owned additional land to the east and south of this parcel. The "highest and best use" of the land at the time of the taking was "for a gravel bed."

The petitioner excepted to the exclusion of evidence of a royalty agreement in effect at the time of the taking. This agreement provided for payment of a certain price for gravel removed from the twenty-four acre parcel. He also excepted to the exclusion of evidence of the fair market value, at the time of the taking, of "gravel in the bank" in the area taken.

The petitioner cites the cases of *Providence & Worcester R.R.* v. *Worcester,* 155 Mass. 35, and *Wellington* v. *Cambridge,* 220 Mass. 312, 318, and maintains that under these decisions the court was in error in excluding the evidence. In the *Providence & Worcester* case the question of whether evidence showing "the value of the gravel as it lay in the bank" was admissible was not before this court, since an exception had not been taken to its admission. In the *Wellington* case there was no assertion that the trial judge was bound to admit this evidence. To the contrary, this court stated that where land and gravel beds were taken evidence of the value of the unexcavated gravel was "admissible in the discretion of the court."

This court recently considered the question whether a trial judge could exclude evidence of the value of the separable material in determining the compensation to be paid to the owner of a gravel bed which had been taken by the Commonwealth. We held that such evidence might be confusing and speculative and that its exclusion was within the "wise exercise of discretion" of the trial judge. *Joseph De Vries & Sons, Inc.* v. *Commonwealth,* 339 Mass. 663, 664–665. There was no error in excluding the evidence.

The petitioner also excepted to the exclusion of evidence of the prices at which gravel bearing land immediately contiguous to the area taken, and "identical" therewith, was sold within a few months of the taking. The land was sold in two parcels. One had an area of one fifth of an acre and the other, an area of forty acres.

The respondent's principal argument against the admission of this evidence appears to be based upon the size of the lots sold and that "[t]his difference is a strong factor in determining whether the parcels were similar." This court held that where the respondent took a thirty acre tract, the petitioner's evidence of the sale price of lots which had been subdivided from a similar tract was admissible. *Fourth Natl. Bank* v. *Commonwealth,* 212 Mass. 66, 67–68.

The sale price of comparable property may be admitted in evidence as bearing on the value of the property taken. *Roberts* v. *Boston,* 149 Mass. 346, 350–351. *Manning* v. *Lowell,* 173 Mass. 100, 104. *Bartlett* v. *Medford,* 252 Mass. 311, 312. *Lawrence* v. *O'Neill,* 317 Mass. 393, 397.

We note that the contiguous land was operated as a gravel bed; that there was no difference in the material excavated; that the depth of the gravel was the same throughout the area; and that the general topography of the area was the same. We conclude that it was error to exclude this evidence.

The petitioner's final exception relates to the admission of testimony of one Clarence Dohoney who testified for the respondent. Dohoney recited his qualifications and then gave his opinion as to the value of the land taken. While Dohoney had an extensive background in real estate appraisals he had, however, appraised only one other gravel bed. Generally it is within the discretion of the trial judge to determine whether to admit the testimony of an expert. *Joseph De Vries & Sons, Inc.* v. *Commonwealth, supra,* 665. *Conness* v. *Commonwealth,* 184 Mass. 541, 544. Compare *Lee Lime Corp.* v. *Massachusetts Turnpike Authy.* 337 Mass. 433, 437. We are unable to say that the trial judge abused his discretion in concluding that Dohoney was qualified to give an expert opinion.

*Exceptions sustained.*