CITY OF WORCESTER *vs.* JOHN H. EISENBEISER
(and a companion case).

Worcester. February 15, 1979. — April 6, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Witness*, Expert. *Evidence*, Qualification of expert witness. *Municipal Corporations*, Demolition of burnt or dangerous building. *Building*, Demolition. *Practice, Civil*, Failure to make objection, New trial, Damages. *Damages*, Demolition of building.

In an action against a city for wrongful demolition of a building, the judge did not abuse his discretion in qualifying a witness to give his opinion of the building's value where there was evidence that the witness was a licensed real estate broker, that he had conducted hundreds of real estate transactions and several hundred appraisals of property in the same area, and that he was familiar with the building at issue. [347]

A judge had authority under G. L. c. 139, § 2, to annul a demolition order by a city where the city failed to comply with the procedural requirements for the demolition of dilapidated and dangerous buildings. [348-349]

This court declined to consider on appeal a contention that the judge improperly charged the jury where there was no objection to the instruction at any time prior to the retirement of the jury. [349]

In an action against a city for wrongful demolition of a building, the city was not entitled to a new trial or a remittitur where there was sufficient evidence to warrant the jury's verdict on the question of damages. [349-350]

TWO CIVIL ACTIONS, the first commenced in the Superior Court on June 29, 1976, and the second in the Central District Court of Worcester on March 9, 1977.

Upon transfer of the second action to the Superior Court, the cases were tried before *Murphy*, J., a District Court judge sitting under statutory authority.

*Bennett S. Gordon,* Assistant City Solicitor, for the plaintiff.

*Kevin T. Byrne* for the defendant.

BROWN, J. This is an appeal by the city of Worcester (city) from judgments entered in the Superior Court which (1) annulled a demolition order issued by the city pursuant to G. L. c. 139, § 1, and (2) awarded the defendant Eisenbeiser damages in the amount of $23,000 for the wrongful demolition of his building. The city also appeals from an order denying its motion for a new trial and for a remittitur.

The following facts appear from the record. Eisenbeiser owned a multi-unit residential building located in Worcester. In January, 1976, the building was damaged by fire and the city, pursuant to G. L. c. 139, § 1, determined that the building was dilapidated and dangerous and ordered that the building be demolished. After receiving notice of the demolition order Eisenbeiser, pursuant to G. L. c. 139, § 2, filed a timely complaint in the Superior Court, appealing the order and claiming a trial by jury. While the appeal was pending, however, the city caused the building to be demolished. Eisenbeiser then moved to amend his complaint to include a claim for damages for the wrongful demolition of his building; his motion was allowed. In March, 1977, the city brought an action against Eisenbeiser, pursuant to G. L. c. 139, § 3A, to recover the costs incurred in demolishing the building. The two actions were consolidated, and a trial was held in the Superior Court before a judge and jury. At the close of all the evidence Eisenbeiser moved for directed verdicts in both actions. In Eisenbeiser's action, the judge annulled the demolition order of the city and submitted that case to the jury on the question of damages. The judge directed a verdict for Eisenbeiser in the city's action against him on the grounds that the "demolition was [not] done in conformity to the laws of the Commonwealth and that such demolition is therefore illegal." The jury returned a verdict for Eisenbeiser in his action in the amount of $23,000. We find no error.

1. The city argues that the judge erred in permitting Eisenbeiser's expert witness to testify. See generally *Venini* v. *Dias*, 5 Mass. App. Ct. 695, 696-698 (1977). The city claims that on voir dire and before the jury the witness displayed such a lack of knowledge of real estate appraisal techniques that the judge abused his discretion in permitting him to testify. The question whether a person is qualified to testify as an expert is one for the trial judge, and it is within his broad discretion to determine whether the proposed expert "has a proper basis, in terms of adequate information and preparation, to render an opinion on the matter in dispute." *Louise Caroline Nursing Home, Inc.* v. *Dix Constr. Corp.*, 362 Mass. 306, 309 (1972). *Muzi* v. *Commonwealth*, 335 Mass. 101, 106 (1956). Contrast *R.H. White Realty Co.* v. *Boston Redevelopment Authy.*, 3 Mass. App. Ct. 505, 508-509 (1975). The judge determines the qualifications of the witness and his decision, being one of fact, will not be disturbed unless there is no evidence to warrant his conclusion. *Arena* v. *John P. Squire Co.*, 321 Mass. 423, 425 (1947). *Catania* v. *Barnstable*, 3 Mass. App. Ct. 321, 325 (1975). We are unable to say that as matter of law there was no evidence to support the judge's decision. The witness testified that he had been a licensed real estate broker in Massachusetts since 1963. During that time he had acted as a broker in "hundreds" of real estate transactions and had conducted "several hundred appraisals" of property in the Worcester area. He was the owner of twenty-two parcels of income producing property in the area. And, he was familiar with the defendant's building, having gone through it in 1974, prior to the fire, and after the fire he again went through the building at the request of Eisenbeiser. In light of the witness' real estate experience we cannot say that the judge abused his discretion in permitting him to give his opinion of the building's value after the fire. *Consolini* v. *Commonwealth*, 346 Mass. 501, 503 (1963). See *Amory* v. *Melrose*, 162 Mass. 556, 558 (1895); *Lee Lime Corp.* v. *Massachusetts Turnpike Authy.*, 337 Mass. 433, 436 (1958).

2. The city claims that the judge also erred when he (1) "ordered that the demolition order by the city . . . is annulled" and (2) directed a verdict for Eisenbeiser in the city's action against him. We do not agree. The city's demolition order was properly annulled by the judge because of the city's failure to comply with the procedural requirements for the demolition of dilapidated and dangerous buildings. Section 2 of G. L. c. 139 provides that a person aggrieved by an order issued under c. 139, § 1, may appeal the order to the Superior Court, where a jury trial shall be held. "The jury may affirm, annul or alter such order, and the court shall render judgment in conformity with said verdict, which shall take effect as an original order." G. L. c. 139, § 2, as appearing in St. 1973, c. 1114, § 8. The city is given the same power to abate a nuisance by G. L. c. 139, § 3, as is given to a town's board of health under G. L. c. 111, §§ 123-125. The procedure set forth in G. L. c. 111, §§ 123-125, provides that the owner or occupant of any private premises shall be ordered to remove, at his own expense and within twenty-four hours or such other reasonable time, any nuisance found thereon. G. L. c. 111, § 123. It is only upon a failure by the owner or occupant to comply with such order that the city may cause the removal of the nuisance. G. L. c. 111, § 125. The notice given to Eisenbeiser stated that his building had "been declared to be a dilapidated and dangerous building and it shall be demolished." The notice failed to inform him that he could or should remove the nuisance himself, and it did not specify any time period, as required by G. L. c. 111, § 123, within which he could remove the nuisance prior to the city's taking action under G. L. c. 111, § 125, to remove it. Further, the notice informed him that he had three days in which to appeal the order to the Superior Court. Eisenbeiser filed a timely appeal, but while the appeal was pending the city caused the building to be demolished. Section 125 of G. L. c. 111, as appearing in St. 1970, c. 649, § 1, provides that the board (here the city pursuant to G. L. c. 139, § 3) may

cause the nuisance to be removed "[i]f the owner or occupant fails to comply with such order." There is nothing in the record before us to suggest any failure on the part of Eisenbeiser to comply with the order of the city.[1] And without a showing of such failure the city was without authority to demolish the building. Therefore, we conclude that in these circumstances there was no error in the trial judge's annulling the demolition order and directing a verdict against the city.

3. The city further contends that the jury were improperly instructed by the judge that if they should find for the plaintiff, their verdict must be for the amount of $23,000, otherwise they were to find for the city. The judge based this instruction on the fact that the only evidence before the jury on the question of damages was that of Eisenbeiser's expert witness, who valued the building at the time of demolition at $23,000. We decline to consider the city's contention because of its failure to object to the judge's instruction at any time prior to the retirement of the jury to deliberate its verdict. If there was any error in the charge, it "was not sufficiently directed to the judge's attention to preserve the question for appellate review." *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491 (1977). *E & V Truck Leasing, Inc.* v. *Ennis,* 5 Mass. App. Ct. 802 (1977). See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). In the instant case the city failed to make any objection to the judge's charge in accordance with Mass.R.Civ.P. 51(b) and has thereby forfeited its right to complain on appeal about the instructions as given. *Narkin* v. *Springfield, supra* at 491.

4. The judge properly denied the city's motion for a new trial and for a remittitur, which was sought on the grounds that the jury's verdict was, among other things, excessive and against the weight of the evidence. The

---

[1] Municipalities also have power to remove unsafe structures under G. L. c. 143, § 9, but the city did not avail itself of the process that statute affords.

question whether to allow a motion for a new trial lies within the judge's sound discretion, and we will not disturb his decision unless there is a showing that he abused that discretion. *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 60 (1948). *Alden* v. *Norwood Arena, Inc.*, 332 Mass. 267, 274 (1955). *Loschi* v. *Massachusetts Port Authy.*, 361 Mass. 714, 715 (1972). "In this court as an appellate tribunal an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." *Bartley* v. *Phillips*, 317 Mass. 35, 43 (1944). Although there was testimony as to the condition of the building at the time of its demolition the city offered no evidence as to its value. The only evidence before the jury on the question of the building's value was that of Eisenbeiser's expert witness who valued the building at $23,000. As the jury's verdict conformed to the only evidence before it on the question of damages, we cannot say that the verdict was so clearly disproportionate to the injury sustained that the judge was required to grant the city a new trial. *Giblin* v. *Lincoln Park Amusement Co.*, 318 Mass. 781 (1945). *Loschi* v. *Massachusetts Port Authy.*, 361 Mass. 714, 715 (1972). *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 787 (1975). The city's motion raises no other questions of law not already disposed of above.

> *Judgments affirmed.*
> *Order denying motion for new*
> *trial and for remittitur affirmed.*