PAUL GROSSMAN *vs.* WALTHAM CHEMICAL COMPANY. July 7, 1982. In an action brought under G. L. c. 93A, § 9, the plaintiff recovered actual damages, multiple damages and attorney's fees. The defendant challenges on appeal the adequacy of the judge's subsidiary findings which underlay his conclusion that the acts of the defendant constituted unfair and deceptive practices within the meaning of c. 93A. The defendant also asserts there was no showing of causation. Finally, the defendant claims (a) that the judge's award of actual damages was improperly measured, and (b) that multiple damages should not have been assessed in these circumstances. We examine these claims of error seriatim.

1. Subsidiary findings of fact by a trial judge "will not be deemed 'clearly erroneous' unless the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed." *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 675 (1977). Our review of the instant record leaves us with no such conviction. The judge made the critical finding that the defendant's termite manager "inspected the exterior of the barn and noticed small holes in some of the clapboards and carpenter ant sawdust in the rear of the barn." Apart from evidence concerning the magnitude of the damage, there was other testimonial and documentary evidence which warranted such a finding. The other findings were similarly warranted.

2. A failure to disclose any fact, the disclosure of which may have influenced a person not to enter into a transaction, is a violation of c. 93A. See *Homsi* v. *C.H. Babb Co.*, 10 Mass. App. Ct. 474, 479 (1980). The judge found that the plaintiff "relied on the defendant's report in purchasing the property and may not have purchased it had he known of the existence or the possibility of the existence of the powder post beetle." Thus, it can be said that the defendant "could . . . have caused . . . [the plaintiff] to act differently from the way he otherwise would have acted." *Lowell Gas Co.* v. *Attorney Gen.*, 377 Mass. 37, 51 (1979). See *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 777 (1980).

3. The judge did not err in allowing the plaintiff's expert to testify as to the cause of the damage to the barn. See *Worcester* v. *Eisenbeiser*, 7 Mass. App. Ct. 345, 347 (1979), and cases cited. The witness had previous experience as a builder, and although he was new in the home inspection business, he had come into contact with powder post beetle infestation in the past and had consulted with one Lazrath, an exterminator, on numerous occasions in connection with his home inspection business. "We [thus] are unable to say that as matter of law there was no evidence to support the judge's decision." *Ibid.* Contrast *Cooper* v. *Richter*, 8 Mass. App. Ct. 878, 879 (1979).

4. The defendant's claim of lack of proximate cause is without merit. "[A] practice is 'deceptive' if it could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." *Lowell Gas Co.* v. *Attorney Gen.*, 377 Mass. at 51. See *Mongeau* v. *Boutelle*, 10 Mass. App. Ct. 246, 248 (1980). The defendant's report failed to indicate any insect damage or that the inspection was incomplete. As already mentioned above, the judge found that the plaintiff "may not have purchased" the property had he known about the powder post beetle infestation. "Failure to disclose a material fact which *may influence* the [consumer] is actionable under § 9" (emphasis supplied). *Mongeau* v. *Boutelle, supra* at 248. Cf. *Danca* v. *Taunton Sav. Bank*, 385 Mass. 1, 8 (1982).

5. The judge did not use an improper measure of damages. See *Rice* v. *Price*, 340 Mass. 502, 506-511 (1960). Unfair or deceptive acts or practices under G. L. c. 93A, § 2, are not limited by traditional tort and contract law requirements. See *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 693 (1975). The judge awarded damages in an amount equal to the cost of correcting the structural damage ultimately discovered in the barn. On the evidence it could reasonably be found that the damages incurred by the plaintiff were "direct results of the [defendant's] wrong." *Rice* v. *Price, supra* at 511. Thus, these costs were the "actual damages" (G. L. c. 93A, § 9[3], inserted by St. 1969, c. 690) suffered by the plaintiff due to the defendant's deceptive acts and practices.

6. The defendant argues that it was error to award multiple damages. It asserts that multiple damages must be predicated on a finding that the offending conduct was a wilful or knowing violation of c. 93A, § 2. The judge, however, found that the defendant, in violation of the standards applicable to its occupation, "failed to alert the plaintiff to the possibility or probability of powder post beetle damage, and . . . fail[ed] to notify the plaintiff that the inspection was incomplete." The defendant, of course, knew of the deficiencies in its inspection and report, and that knowledge sufficed to constitute a knowing violation of c. 93A. The award of multiple damages was proper in these circumstances.

7. As no question has been raised as to the propriety,of attorney's fees, we have no occasion to discuss them. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*

*Francis E. Jenney* for the defendant.
*Regina L. Quinlan* for the plaintiff.