Louis Berger & another[1] *vs.* City of Quincy & others.[2] August 5,
1982. The plaintiffs appeal from a summary judgment entered for the
defendants. This action for damages and equitable relief was brought
against the city and several of its officials in connection with the defend-
ants' demolition of one house, and the threatened demolition of a second
house, on property originally owned by the plaintiffs and subsequently
taken by the city. We reverse.

Contrary to the defendants' contention, there is a material issue of fact
as to whether the city and its officials complied with G. L. c. 143, §§ 6-9.
Cf. *Worcester* v. *Eisenbeiser,* 7 Mass. App. Ct. 345, 349 (1979). This is so
even if the judge, in his discretion, cf. *Stetson* v. *Selectmen of Carlisle,* 369
Mass. 755, 763 n.12 (1976), considered the correspondence and notes sub-
mitted by the defendants. There is a genuine issue raised by the sworn
complaint and affidavit of Estelle Berger as to whether, in the circum-
stances of this case, the plaintiffs refused or neglected to comply with
orders to make the building safe within the meaning of G. L. c. 143, § 9.
Nor is it apparent from the record, in view of the continued negotiations,
that the February 25, 1975, order had to be appealed under G. L. c. 143,
§ 10, and G. L. c. 139, § 2.

We also reject the defendants' rather anomalous claim that the plain-
tiffs' action insofar as it sought damages in excess of the amount awarded
pursuant to G. L. c. 79, § 6, was both premature and brought too late —
premature, because it was brought before the right to damages vested as
the taking did not occur until after this litigation had commenced; too
late, because no action under G. L. c. 79, § 16, was brought within the
two years after the taking. "It has often been held that where a statute re-
quires action to be taken within a certain time *after* an event, the action

[1] Estelle Berger.

[2] Five city employees were originally named as individual defendants, but three
were dismissed by stipulation so that only two remained.

may be taken before the event, the statute being construed as fixing the latest but not the earliest time for the taking of the action." *Webster Thomas Co.* v. *Commonwealth*, 336 Mass. 130, 135-136 (1957). As in that case, there are here special circumstances so that an action created by statute may be instituted before the right finally accrues. *Id.* at 136. See also *Becton, Dickinson & Co.* v. *State Tax Commn.*, 374 Mass. 230, 234 (1978).

We see no error in the judge's refusal to allow the plaintiffs' amended complaint, but do not intimate that additional amendments, if proper, should not be considered in his discretion. See *Fram* v. *Boston*, 363 Mass. 68, 73 (1973).

*Judgment reversed.*

*Henry A. Follen, Jr.*, for the plaintiffs.
*William B. Golden*, City Solicitor, for the defendants.