Turcotte, P. J.
The plaintiff brought its case in three counts alleging a breach of contract and default on a note.[2] The defendant filed a counterclaim in two counts, one alleging a violation of G.L. 93A.[3] The trial justice made no finding for the plaintiff and found for the defendant on his counterclaim for a violation of G.L. 93A.
The judge found that the defendant attended four meetings of an apprenticeship program run by the plaintiff. At the fourth meeting a “promissory note and scholarship loan agreement” was presented to the class and all members were asked to sign it. The note and agreement were contained in one docu- - ment of four pages, however, defendant was presented only the third and fourth pages for signature. He demurred and sought to take the writing home. He was emphatically told that he would sign now or leave. He did sign a single sheet of paper which was the third and fourth pages of the document without seeing the first two pages. He signed in two places on November 10,1984, but the agreement signature was dated October 13,1984, and the note November 10, 1984. He received no cppy of anything he signed. The report contains no statement of the number of members in the class. It was argued without *176 disagreement there were fifteen others. The judge concluded the circumstances under which the defendant signed were an exercise in duress and as a result of peer pressure; that there was no meeting of the minds, and the defendant did not willingly assume the obligations set out in the agreement or in the promissory note. He found the actions of the plaintiff in obtaining the signatures of the plaintiff an unfair and deceptive practice.
The plaintiff claims to be aggrieved by the judge’s denial of the following request for ruling:
Based upon all the evidence, a finding is warranted that the defendant signed the scholarship loan agreement and promissory note with full explanation and with the full understanding of its terms.
“No review as of right shall be to the refusal of a request for a ruling ‘upon all the evidence’ in a case admitting of specifications of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds specified.” Rule 64 (b), Dist. Mun. Cts. R. Civ. P. No such specification having been made, we decline to review the denial of this request for ruling. We do point out the request assumes facts found not to be correct by the trial judge. A request which assumes a fact inconsistent with the facts found by the trial justice is properly denied since it is immaterial. J. NOLAN, CIVIL PRACTICE, 726 (Mass. Practice V. 9 1975).
The plaintiff claims to be aggrieved in the judge’s allowance of two of its requests.[4] These two requests are not entitled to be reviewed as of right, and we decline to do so. It is clear that the judge made no error in allowing a ruling that states a finding is warranted for one party and then finding for the other. It is not an inconsistency. The ruling was that the evidence did not as a matter of law require a finding for the defendant. Godfrey v. Caswell, 321 Mass. 161 at 162 (1947). In addition, it was the plaintiffs request and it has no complaint that it was granted. “If after the general finding for the defendant was made they thought there was an incompatibility to be corrected, their proper course was to file a motion for its correction” DeLorenzo v. Atlantic National Bk of Boston, 278 Mass. 321 at 323, 324 (1931).
Finally, the plaintiff argues that there was error in granting relief to the defendant under the provisions of G.L.c. 93A.
G.L.c. 93A makes unfair or deceptive acts or practices in the conduct of any trade or commerce unlawful. Heller v. Silverbranch Construction Corp. 376 Mass. 621, 624 (1978). An unfair trade practice is one “within any recognized conception of unfairness, one that is immoral, unethical, oppressive, or unscrupulous,” Levings v. Forbes and Wallace, Inc. 8 Mass. App. Ct. 498 502 (1979). There was evidence indicating the plaintiffs’ actions were oppressive in that they told the defendant to sign the agreement or he was out of the program. A failure to disclose any fact, the disclosure of which may have influenced a person not to enter into a transaction, is a violation of c. 93A, Grossman v. Waltham Chemical Co., 14 Mass. App. Ct. 932 933 (1982). Here two pages of the agreement were not given to the defendant at the time he signed it. The trialjudge found the plaintiffs’ violation wilfull and knowing and assessed double damages. G.L. c. 93A §9(3). There was no evidence presented at trial that the defendant suffered actual damages. As a result judgment should be entered for the defendant in double the statutory amount of $25.00 *177 plus reasonable attorney’s fees. Brow v. Stanton, 12 Mass. App. 992, Ct. 993 (1981).
There being error in the award of damages the judgment is modified to strike damages in the amount of $500.00 and enter damages of $50.00. There being no other error the remainder of the judgment is affirmed. Report dismissed.

The report does not contain plaintiffs pleadings, a copy of the note or contract.

The report contained no copy of counterclaims.

 1. Based upon all of the evidence, a finding is warranted for the plaintiff against the defendant.
2. Based upon all of the evidence, a finding is not warranted for the defendant on the first count of his counterclaim against the plaintiffs as a matter of law.