Dohoney, J.
The plaintiff Lawrence G. Selsky (hereinafter Selsky) sued the defendants Baystate Inspection Services, Inc. (hereinafter Baystate) and Guido F. De Bonis (hereinafter De Bonis) for allegedly defective inspection of property being purchased by Selsky. Selsky alleged a breach of contract and negligence against both defendants in Count I and violations of General Laws, Chapter 93A against both defendants in Count II. The Trial Justice found the inspection to have been done improperly in two respects and found against Baystate on a contract basis but found for De Bonis on the negligence theory and found for both defendants on the Chapter 93A claim. The Trial Justice was correct

I. INDIVIDUAL LIABILITY OF DE BONIS FOR NEGLIGENCE:

The case presents three interesting issues. The first is the individual liability of De Bonis. The inspection contract was with Baystate, but De Bonis was the individual who performed the inspection and was the only officer of Baystate. Clearly De Bonis was negligent in the performance of the inspection. This issue is whether he is personally liable to Selsky for this negligence. RESTATEMENT, TORTS, SECOND, Section 324A embodies the rule that one who undertakes to perform services is “subject to liability to the third person for physical harm resulting from his failure to exercise due care.” (Emphasis supplied). Illustration 3 is particularly relevant to orn-ease since it concerns an employee of a company which had an inspection obligation. The illustration places liability on the individual employee for injury to another workman. Here, however, there was no physical harm but only pecuniary loss. We must therefore determine whether liability still attaches. The distinction between liability for physical harm and non-liability for pecuniary loss is well established in Massachusetts law. See McDonough v. Whalen, 365 Mass. 506 (1974); Marcil v. John Deere Industrial Equipment Co., 9 Mass. App. Ct. 625 (1980). Language in two cases is instructive. In New England Power Co. v. Riley Stoker Corp., 20 Mass. App. Ct. 25 (1985) the Court stated
The remaining counts of NEP’s amended complaint allege that Riley performed various obligations under the contracts and 1974 agreement negligently. Even assuming (but specifically not concluding) that these claims are not precluded under G.Lc. 260, Sec 2A, these claims seek relief for economic loss and damage to the boilers, injuries for which there is no recovery.
Also in Bay State-Spray & Provincetown Steamship, Inc, v. Caterpillar Tractor Co., 404 Mass. 103 (1989) the Supreme Judicial Court stated
*124 A claim like Steamship’s of a breach of implied warranty asserted to recover economic loss (the cost ofrepairs and lost profits) iscontractbased,and,in this State, when economic loss is the only damage claimed, recovery is not allowed in.... negligence.
This distinction between physical harm and pecuniary loss is particularly relevant to our case. Clearly if someone was injured, all persons, whether corporate or personal, ought to be liable. Where, however, the only loss is the breach of contract and the only foundation of duty lies in the contract, Selsky should not be able to recover from an entity with whom he did not contract If Selsky wished to attach liability to De Bonis he could have requested De Bonis guarantee the contract. Thus, one who intentionally contracts with a corporation should not be able to sue the corporation’ employee for what is essentially a breach of contract.

II. LIABILITY FOR CEILING AND WINDOW RE-ENFORCEMENT:

The second issue is the liability of Baystate and De Bonis for the inadequate re-enforcement of the ceiling and window headers on the second floor. The premises were in the process of renovation by the former owner. Apparently, the roof was being raised and a second floor was being established at the time of inspection and purchase. It is unclear from the Report the status of the new construction when the inspection was made except that it was in “rough stages.” Selsky was to assume the obligation of completing the renovations. The Trial Justice found that it was not the function of the defendants to inspect those areas which were the responsibility of the building inspector. The new construction here was of such magnitude that city inspection services would be required. However, the inspection reportnoted that the attic ceiling joists and rafters were “acceptable” but noted that the area was being made into two rooms and a bath.
Counsel have argued correctly that even if the new construction was not to be part of the inspected area, the defendants undertook to do it and therefore must do it properly. Our problem with Selsky’s position is not with his law, but the more prosaic facts presented to us. We simply do not know from the Report the status of the construction at the time of the inspection. It is unclear to us whether the joists and windows were completed at the time of inspection or whether the parties contemplated additional construction.

III. LIABILITY UNDER GENERAL LAWS, CHAPTER 93A:

The third issue presented to us is liability under General Laws, Chapter 93A. Selsky relies primarily on Grossman v. Waltham Chemical Company, 14 Mass. App. Ct. 932 (1982). Grossman involved an inspection case where liability was placed upon the inspector for failure to disclose certain types of termite related matters. However, the evidence in Grossman clearly established knowledge on the part of the inspector. The Court stated
The judge made the critical finding that the defendant’s termite manager ‘inspected the exterior of the bam and noticed small holes in some of the clapboards and carpenter ant sawdust in the rear of the bam.’ Apart from evidence concerning the magnitude of the damage, there was other testimonial and documentary evidence which warranted such a finding.
Here, however, there was no finding of either knowledge or constructive knowledge. This is essential to a finding of a Chapter 93A violation. See Sheehy v. Lipton Industries, 24 Mass. App. Ct. 188, 196 (1987) where the Appeals Court in discussing Nei v. Burley, 388 Mass. 307 (1983) and Lawton v. Dracousis, 14 Mass. App. Ct. 164 (1982) stated, “These cases affirm the obvious principle that someone should not be liable for not disclosing what he does not know.” In the absence of a finding of knowledge, it was not error for the Trial Justice to find for the defendants.
Thus, there being no error, the Report is dismissed.