Fahey, J.
Plaintiffs, mortgagee and trustee, respectively, of a 12-unit apartment building at 427 Summer Street, Lynn, Massachusetts, have brought this action against the City of Lynn and S&R Contracting Corporation, a demolition contractor, relative to the demolition of that apartment building on February 28, 1996. The plaintiffs also sue defendants City of Lynn, James Starratt, Building Commissioner of the City of Lynn and Francis Calnan, Deputy Building Commissioner of the City of Lynn, claiming federal and state violations of the plaintiffs’ property rights without due process.
The plaintiffs have moved for partial summary judg-' ment on liability as to defendant City and defendant S&R Contracting. The defendants have cross-moved for partial summary judgment as to plaintiff E.F.Y.’s claims and as to the civil rights claims against the individual defendants. For the reasons stated herein, each motion is allowed in part and denied in part.
Concerning the plaintiffs’ motion, the contested issue primarily concerns whether the demolition ordered by the City complied with the statutory procedural requirements for the demolition of dilapidated and dangerous buildings. Considering the disputed facts in the light most favorable to the City, the non-moving party, this Court accepts, for purposes of considering this motion, the City’s contentions that: (1) the plaintiff Klotz knew in June 1995 of the scheduled meeting in March 1995 concerning demolition; (2) the City mailed various notices to the plaintiff Klotz concerning this building; and (3) Counselor Ellis informed the plaintiff Klotz in December 1995 of both the demolition order and that he should immediately make the building safe. Even accepting these contentions as facts for purposes of considering the plaintiff s motion, the defects in the City’s compliance with the statutory notice requirements in G.L.c. 139, §3 and 3A and Chapter 111, §§123-25 fail to be corrected. The City agrees it failed to comply with the strict statutory requirement to notify the owner both to remove the building and of a specific time period during which the owner can or should perform such removal at its expense. The instruction by Ellis to the plaintiff that he "should immediately make the building safe” fails to satisfy the statutory requirement. In any event, the statutory notice provisions of G.L.c. 13, §§3 and 3A and G.L.c. Ill, §§123-25 are not merely notice pro *321 visions which maybe waived if the plaintiff had actual notice. “It is only upon a failure by the owner or occupant to comply with such order that the city may cause the removal of the nuisance.” Worcester v. Eisenbeiser, 7 Mass.App.Ct. 345, 348 (1979) citing G.L.c. 111, §125. Based on the City’s non-compliance with the statutes’ clear notice requirements, the City was, as a matter of law, without authority to demolish the building owned by plaintiff Klotz.
The City also argues that any failure concerning service is the fault of the independent contractor, the officer hired by the City to serve the notice. However, this Court need not address this issue because this Court has found, as stated above, that the written and oral notices were statutorily deficient.
Accordingly, summary judgment as to liability for negligence (Count I) is to enter against the City of Lynn on the motion of plaintiff Klotz.
As the statutory basis on which the plaintiffs claim partial summary judgment does not apply to the plaintiffs’ claims against defendant S&R Contracting, the plaintiffs’ motion for partial summary judgment is denied as to S&R Contracting.
The City has cross-moved for summary judgment on Count I (negligence) as to the claims by plaintiff E.F.Y. on the grounds that even though it is undisputed that E.F.Y. never received notice prior to demolition, the law does not impose a statutory obligation on the City or any defendant to notify the mortgagee of the intended demolition of the property. However, that does not necessarily establish that the defendants had no duty to notify the mortgagee prior to demolition. This Court is not convinced there is no such legal duty owed to a mortgagee. While the statute does not specifically require such notice be provided to the mortgagee, the lack of such a requirement does not automatically entitle the defendant to summary judgment. For this reason, the City’s cross-motion for summary judgment as to E.F.Y.’s claim is denied.
The individual defendants have cross-moved for summary judgment on the plaintiffs’ constitutional claims. The City, Starratt and Calnan, are alleged to have violated the plaintiffs constitutional rights when they failed to notify the plaintiff mortgagee. The individual defendants claim that they are entitled to summary judgment on the alleged federal and state constitutional claims. The defendants claim they are entitled to qualified immunity because the alleged constitutional violation, failure to provide due process by failing to notify the owner and mortgagee before demolishing the building, was not clearly established by the time of demolition. However, where the demolition occurred on February 28, 1996, this Court determines that the right to due process owed to a property owner and mortgagee was sufficiently established to warrant denial of the defendants’ motion concerning federal constitutional violations. See Teschke v. Keller, 38 Mass.App.Ct. 627, 633 (decided 6/12/95), citing Christian v. Mooney, 400 Mass. 753, 761 (1987), appeal dismissed and cert. denied sub. nom. Christian v. Bewkes, 484 U.S. 1053 (1988), and Mennonite Bd. of Missions v. Adams, 462 U.S. 791 (1983).
However, as the plaintiffs fail to establish any due process violation by “threats, intimidation or coercion,” an additional element contained within the state civil rights statute, the defendants’ motion for partial summary judgment is allowed in part as to state civil rights claims.
ORDER
The City’s Motion for Partial Summary Judgment as to E.F.Y. is DENIED. The Motion of defendants Calnan and Starratt for Partial Summary Judgment is ALLOWED as to the state constitutional claim and DENIED as to the federal constitutional claims. The Plaintiffs Motion for Partial Summary Judgment as to liability in Count I (negligence) is ALLOWED as to the defendant City of Lynn and DENIED as to S&R Contracting Corp.