Lemire, James R., J.
QUESTION PRESENTED
Whether the City of Worcester should be enjoined from demolishing Plaintiffs property under G.L.c. Ill, §127B, when the City failed to note in the original condemnation order that the property could be subject to demolition under the aforementioned statute?
BRIEF ANSWER
The City should be enjoined from demolishing the property because it failed to provide proper notice to Plaintiff in the original condemnation order that his property could be subjected to demolition under G.L.c. Ill,§127B.
DISCUSSION
Background
Plaintiff Vincent Gencarelli (“Plaintiff’) owns a property located at 103 Holden Street, Worcester (the “Property”). In June 2001, inspectors from the City of Worcester Department of Public Health & Code Enforcement (“City”) found that the property was vacant, unsecured and unfit for human habitation. Subsequently, in a letter dated July 2, 2001, the City advised Plaintiff that the property had been condemned as unfit for human habitation[1] pursuant to G.L.c. Ill, §127B.[2] Plaintiff was ordered to: (1) remove any occupants from the property, and prevent further occupancy until the violations of the Minimum Standards of Fitness for Human Habitation had been eliminated; *135 and (2) put the property in a clean condition and remedy the deficiencies listed within a reasonable time so as to comply with the regulations set forth in the Sanitary Code. Plaintiff was further advised that: (1) if he wished to rehabilitate the property, he would need to secure permission from the City before occupancy could take place; and (2) if Plaintiff did not wish to rehabilitate the property he was required to secure the building against the entrance of strangers or have it demolished. In addition Plaintiff was advised that the property may be subj ected to proceedings under G.L.c. 139, §1 that might lead to an order requiring demolition of the property.[3]
In a letter dated July 3, 2001 Plaintiff was advised by the City that a hearing would be held on July 25, 2001 to determine whether the Property was a nuisance in violation of G.L.c. 139, §1. The letter advised Plaintiff in bold capitals that, “FAILURE TO APPEAR MAY RESULT IN THE ISSUANCE OF AN ORDER OF DEMOLITION.” After the hearing was continued to August 29, 2001 the c. 139 action was dismissed after a finding that the Property was not sufficiently burnt, dilapidated or dangerous to warrant action under G.L.c. 139, §1.
Twenty-eight months later, on November 17, 2003 the City Department of Code Enforcement sent a letter to Plaintiff informing him that an inspection of the Property on November 5, 2003 revealed that he had failed to remedy the conditions set forth in the condemnation order letter of July 2, 2001. As such, Plaintiff was notified that pursuant to G.L.c. Ill, §127B and C.M.R. 410.831(F), the Property was being placed on the list of properties to be demolished by the City of Worcester.
City inspectors inspected the Properly again on August 15, 2005, and determined that it had not been rehabilitated. The Property was now on the list of properties to be demolished. When it became apparent that the City would soon acquire demolition funding, the Property was re-inspected on May 30, 2006. Inspectors determined that the Property had still not been rehabilitated and that the yard was overgrown. In November 2006 the City took steps to demolish the Property, including severing the utilities to the Property.
Procedural History
On December 1, 2006 Plaintiff filed a verified complaint against the City. That same day, this court issued a Temporary Restraining Order, returnable December 11, 2006. On December 11, 2006 Plaintiff filed a motion requesting that this court issue a preliminary injunction against the City preventing them from demolishing the Property, removing the Property from demolition list and restoring the utilities severed by the City. The City filed an opposition to Plaintiffs motion. Plaintiff contends that the City did not provide proper notice of demolition in the original condemnation order under G.L.c. Ill, §127B, and that the Property does not warrant demolition. The City contends that: (1) it has followed all the requisite procedural steps required under G.L.c. Ill, §127B; (2) Plaintiff has failed to rehabilitate the Property; and (3) that Plaintiff cannot sustain his burden in proving that a preliminary injunction should be granted. As such, the City states that Plaintiffs request for injunctive relief should be denied. On December 11, 2006, after a hearing on the preliminary injunction, the matter was taken under advisement.
Analysis
Property rights are not absolute and the law “may condition their use and enjoyment so that the interests of the public in general or of some smaller segment of the public . . . are not unduly prejudiced.” Goulding v. Cook, 422 Mass. 276, 277 (1996). Nevertheless, due process requires that in any proceeding by a government body to be accorded finality, “notice must be given that is reasonably calculated to apprise the interested party of proceeding and to afford him an opportunity to present his case.” LaPointe v. License Bd. of Worcester, 389 Mass. 454, 458 (1983).
In City of Worcester v. Eisenbeiser, the Appeals Court affirmed an order of the Superior Court annulling the Cily’s demolition order under G.L.c. 139, §1 for “failure to comply with the procedural requirements for the demolition of dilapidated and dangerous buildings.” 7 Mass.App.Ct. 345, 348 (1979).[4] In Eisenbeiser the City issued a notice to the property owner that his property was a dangerous and dilapidated building and would be demolished. Id. However, the notice failed to inform the owner that he could or should remove the nuisance himself before the demolition, and did not provide a time frame within which he could remove it. Id. Nevertheless, the City demolished the building while an appeal was pending. Id. The Appeals Court held that without a showing that the property owner had failed to comply with the order of the city, “the city was without authority to demolish the building.” Id.
In this case, like Eisenbeiser, the City failed to provide adequate notice to the property owner, and therefore Plaintiffs request for a preliminary injunction should be allowed, pending the City’s compliance with the requisite procedural and notice requirements under G.L.c. Ill, §127B. There is no question that some kind of notice was provided to Plaintiff in the original condemnation order. Nevertheless, Plaintiff contends that the content of the notice in the original condemnation letter was inadequate, and thus the demolition order against the Property should be annulled. Although, as the City correctly asserts, under G.L.c. Ill, §127B a municipality may demolish property that is unfit for human habitation if it is not rehabilitated within one year of a condemnation order, the City is still required to provide adequate notice to the property owner.
*136 In this case, the City did not provide adequate notice to Plaintiff because the original condemnation order dated July 1, 2001, did not state that the Property would be subject to demolition within one year under G.L.c. Ill, §127B, if Plaintiff failed to rehabilitate the Property. As Plaintiff correctly points out, the original condemnation order letter dated July 2, 2001, gave the Plaintiff three choices under G.L.c. Ill, §127B: (1) rehabilitate the Property to conform with the Sanitary Code; (2) secure the Property; or (3) demolish the Property. There was no indication that the City would pursue demolition of the Property under G.L.c. Ill, §127B, if he failed to rehabilitate the Property within one year. The condemnation letter did state that the Property might be subject to demolition proceedings under G.L.c. 139, §1. However, the c. 139 proceeding was dismissed after a hearing on August 29, 2001. Plaintiff asserts that he has secured the Property from the entrance of strangers by erecting a chain link fence around its perimeter, and that nobody is residing at the Property. As such, it appears that Plaintiff complied with the condemnation order as articulated in the July 1, 2001 letter.
Despite his compliance with the original condemnation order, Plaintiff was informed by a letter on November 17, 2003 that he had failed to file an appeal of the original condemnation order, that the condemned Properly was scheduled to be demolished pursuant to G.L.c. Ill, §127B, and that the letter was to be the last notice he could expect to receive prior to the demolition of this building. In fact this letter was the first notice that was provided to Plaintiff regarding the demolition of the Property under G.L.c. Ill, §127B. It should be apparent that if Plaintiff had been notified in July 2001, that his failure to rehabilitate the Property within one year would result in the Property being demolished, he may have taken steps to avoid that result by rehabilitating the Property. However, as already stated, Plaintiff was given three options: (1) rehabilitate, (2) demolish or (3) secure the Property. Thus the letter dated November 17, 2003 presented Plaintiff with a “fait accompli,” without giving adequate notice. Contrary to the City’s assertion that it “has done all it is required to do under the State Sanitary Code,” this court finds that the City denied Plaintiff due process by failing to provide adequate notice that it would demolish the Property under G.L.c. Ill, §127B. Subsequently, Plaintiffs Motion for a Preliminary Injunction is allowed.
ORDER
For the aforementioned reasons Plaintiffs Motion for a Preliminary Injunction, preventing the City from demolishing the Property should be allowed.

 Specifically, the Property was condemned because,
1. Utilities to structure have been disrupted. Must be restored.
2. Gutters about structure are broken, rotted and falling off. Must be replaced or removed.
3. Siding about structure missing in areas. Must be replace (sic).
4. Interior of structure walls, floors, and ceilings are unfinished leaving exposed wiring and plumbing. Interior must be finished.

Under G.L.c. 111, §127B:
Upon a determination by the board of health, or, in the cities of Boston, Worcester and Cambridge, by the commissioner of housing inspection, after examination as provided in said code, that a building, tenement, room, cellar, mobile dwelling place or any other structure (a) is unfit for human habitation... it may issue a written order to the owner or occupant or any of them thereof, requiring the owner or occupant to vacate, to put the premises in a clean condition, or to comply with the regulations set forth in said code which are not being complied with or to comply with the rules and regulations adopted by the board of health as being necessary for the particular locality.

G.L.c. 139, §1 provides that:
The aldermen or selectmen in any city or town may, after written notice to the owner of a burnt, dilapidated or dangerous building or other structure, or his authorized agent, or to the owner of a vacant parcel of land, and after a hearing, make and record an order adjudging it to be a nuisance to the neighborhood, or dangerous, and prescribing its disposition, alteration or regulation. The city or town clerk shall deliver a copy of the order to an officer qualified to serve civil process, who shall forthwith serve an attested copy thereof in the manner prescribed in section one hundred and twenty-four of chapter one hundred and eleven, and make return to said clerk of his doings thereon.

Although Eisenbeiser dealt with a demolition order under G.L.c. 139, the procedures required by c. 139 are the same as those brought under G.L.c. 111, §§122-25. Eisenbeiser, 7 Mass.App.Ct. at 348.